IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 29, 2000

# TERRY HOWARD v. JACK MORGAN, ET AL.

### Appeal from the Circuit Court for Hickman County
### No. 99-5076C-II     Jeffrey Bivins, Judge

### No. M2000-00548-COA-R3-CV - Filed June 22, 2001

In this case, a prisoner appeals from dismissal of his lawsuit on the basis that the allegation of poverty in his affidavit of indigency was false. Because the record includes a certified copy of the prisoner's trust account statement showing a balance from $1,100 to over $1,200, we affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
### Affirmed and Remanded

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and WILLIAM C. KOCH, JR., J., joined.

Terry Howard, Only, Tennessee, Pro Se.

Paul G. Summers, Attorney General & Reporter, Abigail Turner, Assistant Attorney General, for appellees, Jack Morgan, et al.

### MEMORANDUM OPINION[1]

On September 3, 1999, plaintiff Terry Howard, an inmate in the custody of the Tennessee Department of Correction, filed a complaint against several employees of that department. Rather than paying a filing fee, Mr. Howard submitted a Uniform Civil Affidavit of Indigency. As a state inmate seeking to proceed *in forma pauperis,* he was also required by Tenn. Code Ann. § 41-21-805(c) to file a certified copy of his inmate trust account statement. That statement established that in the weeks before and after filing his complaint his trust account balance ranged from $1,115.99

---

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

to $1,268.09. His affidavit of indigency had listed his employment as T.C.I.P. (prison industries) and his take home pay as $50.00 per month. The affidavit included a statement that "because of my poverty, I am unable to bear the expenses of this cause and that I am justly entitled to the relief sought to the best of my belief." The form has space for listing of assets, including checking or savings accounts and for "other." Both of these blanks had the word "none" filled in.

On October 7, 1999, the trial judge determined "based upon the affidavit of indigency filed in this cause and after due inquiry made that the plaintiff is not an indigent person because funds exist in trust account." Thus, the trial court denied the plaintiff the ability to proceed *in forma pauperis.* He was, therefore, required to pay the filing fees as a prerequisite to continuing his litigation.

Apparently, plaintiff did not pay his filing fee after the refusal of the court to allow him to proceed as a pauper. On January 31, 2000, counsel for the defendants submitted a proposed order of dismissal. The record reflects that the proposed order was served on Mr. Howard. Again, the record does not reveal that Mr. Howard then paid his filing fees. Consequently, on February 14, 2000, the trial court entered the proposed order which stated:

> This lawsuit was filed on September 3, 1999, by state inmate Terry Howard, who sought to proceed *in forma pauperis* without payment of any costs or fees. By Order entered October 7, 1999, this court made a "determination of nonindigency," finding that the plaintiff had sufficient funds to pay, and denied the plaintiff pauper status. Tenn. Code Ann. § 41-21-804 provides that a court may dismiss a claim filed by an inmate if the court finds that the allegation of poverty in the inmates affidavit is false. For this reason, and because plaintiff has failed to qualify as a pauper or to pay his filing fee, this action is dismissed.

Tennessee Code Ann. § 41-21-804, applicable to claims filed by a state inmate who seeks to proceed on an affidavit of indigency, provides:

> (a)   A court may dismiss a claim filed by an inmate, either before or after service of process on the defendant, if the court finds that:
>
> (1) the allegation of poverty in the inmate's affidavit is false. . . .

In addition, Tenn. Code Ann. § 20-12-132 provides:

> (a)   If it be made to appear to the court, at any time before the trial that the allegation of poverty is probably untrue, or the cause of action frivolous or malicious, the action may be dismissed.
>
> (b)   The burden shall be upon a pauper to justify the pauper's oath.

On appeal, Mr. Howard maintains that although the trial court dismissed his complaint on the basis of Tenn. Code Ann. § 41-21-804, the court never made the required finding. He asserts that when the trial court made its determination of nonindigency the court made no finding that the "allegations of poverty were false." He asserts that the court denied his request to proceed as a pauper based only on the fact that "funds exist in trust account." He further asserts that the defendants provided no evidence to support the contention that the allegations of indigency in the affidavit were false and that the affidavit itself could not be considered as evidence on the question of the truth or falsity of the affidavit.[2]

We respectfully disagree. Under the statutes applicable to state prisoners who seek to file lawsuits without paying filing fees because of their indigency, such a plaintiff is required to file both an affidavit of indigency and a certified copy of his inmate trust account statement. Where the certified record clearly establishes assets sufficient to cover the filing fees and conclusively disproves the affidavit's claim of no assets, the court is justified in dismissing the lawsuit under Tenn. Code Ann. § 41-21-804.

In *Fort v. Noe*, 144 Tenn. 337, 341, 233 S.W. 516, 517 (1920), the Supreme Court found that a party claiming poverty must come forward with evidence of such poverty once his affidavit has been cast into doubt by other evidence. In pertinent part, the court stated:

> . . . there is no conflict in the evidence. It conclusively shows that the defendant [who sought to appeal *in forma pauperis*] had property worth more than $5,000, and this was ample to establish the fact that his affidavit of poverty was untrue unless the pauper's oath itself can be considered as evidence upon this question. It cannot be so taken. Its truthfulness being challenged, whether it was true or false, cannot be judged of by the affidavit itself.

*Fort v. Noe*, 144 Tenn. at 341, 233 S.W. at 517.

The trial court's order of dismissal states that the action was dismissed because of its prior finding that Mr. Howard had sufficient funds to pay the filing fees, the denial of *in forma pauperis* status, statutory authority to dismiss a claim filed by an inmate if the court finds that the allegation of poverty is false, and because Mr. Howard had failed to qualify as a pauper or to pay his filing fees. The record supports the trial court's findings, and its conclusions are supported by law.

In addition, we note that the trial court gave Mr. Howard notice that it had determined that he was not qualified for proceeding *in forma pauperis*, and Mr. Howard did nothing to challenge that finding or to pay his filing fees. He was also put on notice of the potential of dismissal by service

_____

[2]Plaintiff relies on language from the quotation from *Fort v. Noe* set out below to support his argument that the affidavit cannot be considered when judging the truthfulness of the affidavit. Plaintiff misconstrues the meaning of the quotation.

on him of the defendant's proposed order dismissing the lawsuit, and again he did not pay his filing fees.

For all of these reasons, we affirm the decision of the trial court denying Mr. Howard's request to proceed *in forma pauperis* and dismissing the lawsuit. Costs are taxed to the Appellant, Terry Howard, for which execution may issue if necessary.

_____
PATRICIA J. COTTRELL, JUDGE