Fort v. Noe.

## · C. H. & C. J. FORT *et al. v.* R. F. NOE.

## (*Knoxville,* September Term, 1920.)

1. **APPEAL AND ERROR.** Finding on conflicting evidence not reviewable.

 The trial court's decision on the facts on conflicting evidence will not be reviewed by the Supreme Court. (*Post, p.* 341.)

2. **JUSTICES OF THE PEACE.** No appeal on pauper's oath where defendant worth more than $5,000.

 On defendant's appeal to the circuit court from judgment by a justice of the peace, on a pauper's oath, conclusive proof that defendant had property worth more than $5,000 *held* to establish the falsity of his affidavit of poverty. (*Post p.* 341.)

3. **JUSTICES OF THE PEACE.** Pauper's oath itself not considered as evidence on question of its truth or falsity.

 On appeal to the circuit court from justice of the peace upon a pauper's oath, the pauper's oath itself cannot be considered as evidence on the question of truth or falsity of affidavit of poverty. (*Post, p.* 341.)

4. **JUSTICES OF THE PEACE.** Burden of proving falsity of defendant's affidavit of poverty on plaintiffs.

 On defendant's appeal upon a pauper's oath to the circuit court from judgment by a justice of the peace, the plaintiffs had the burden of proving the falsity of the affidavit of poverty. (*Post, p.*341.)

 Codes cited and construed: Sec. 4932 (S.); Sec. 3194 (Tenn).

5. **STATUTES.** Interpretation of Code section aided by reference to original act.

 The interpretation of a section of the Code may be aided by reference to the words of the original act. (*Post, pp.* 341, 342.)

 Acts cited and construed: Acts 1821, ch. 22.

 144 Tenn.—22

Fort v. Noe.

6. **JUSTICES OF THE PEACE.** Court required to dismiss appeal on pauper's oath on conclusive showing of falsity of affidavit of poverty.

On appeal on pauper's oath, where, falsity of oath of poverty is conclusively shown, the court is required to dismiss the appeal under Shannon's Code, section 4932, providing that where it is made to appear to the court by testimony of disinterested persons that the allegation of poverty is probably untrue, or the cause of action frivolous or malicious, the action "may be dismissed," since the court in such case could not by arbitrary exercise of discretion decline to do that which the proof showed ought to be done, but was required to decide the question in the same manner as any other question coming before it for decision, subject to a review of its decision by an appellate court, in view of the legislative history of such statute. (*Post*, pp. 342, 343.)

7. **JUSTICES OF THE PEACE.** Statute as to appeal on pauper's oath liberally construed in favor of poor person.

Shannon's Code, section 4932, relating to appeal on pauper's oath, will be liberally construed in favor of the rights of poor persons. (*Post*, p. 343.)

FROM HAMILTON.

Appeal from the Circuit Court of Hamblen County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—Hon. Jas. L. Drinnen, Judge.

John R. King, for plaintiffs in error.

W. N. Hickey, for defendant in error.

Fort v. Noe.

Mr. Special Justice Smith delivered the opinion of the Court.

This action was commenced before a justice of the peace by the plaintiffs, Fort Bros., to recover of the defendant, Noe, on account, for cash overpaid on a timber contract. The justice of the peace rendered judgment in favor of the plaintiffs and against the defendant in the sum of $158.78. From this judgment the defendant appealed to the circuit court upon the pauper's oath. Before the trial in the circuit court the plaintiffs moved to dismiss the defendant's appeal, on the ground that the defendant had falsely and fraudulently taken and filed the pauper's oath, and upon this motion, the testimony of disinterested witnesses was introduced, which showed that at the time the pauper's oath was taken and filed the defendant owned personal, and real property of the value of more than $5,000. The circuit judge, after hearing this evidence, overruled the motion. Exception to the action of the court was taken at the time, and properly preserved by bill of exceptions.

On the hearing of the case upon its merits before the jury a verdict was rendered in favor of the defendant, upon which judgment dismissing plaintiffs' suit was pronounced. The plaintiffs appealed to the court of civil appeals.

One assignment of error in the court of civil appeals was that there was no evidence to sustain the verdict. This assignment was properly overruled.

Other assignments of error were directed at the charge of the court to the jury, and these assignments were properly sustained.

There was an assignment to the effect that the court erred in not dismissing the appeal of the defendant from the justice of the peace. This assignment was overruled.

The action of the court in holding that there was error in the charge of the trial judge and remanding the case for a new trial is not brought into question in this court, as no petition for *certiorari* has been filed by the defendant. But the action of the court in overruling the assignment based upon the action of the trial judge in refusing to dismiss the defendant's appeal from the justice of the peace is challenged by the plaintiffs, a petition for *certiorari* having been filed by them in this court.

So the only question is whether or not the circuit judge should have dismissed the defendant's appeal from the justice of the peace. If he should, then the court of civil appeals ought to have rendered judgment affirming the judgment of the justice of the peace, instead of remanding the case for a new trial.

The question turns upon the proper construction of section 3194 of the Code of Tennessee, carried into Shannon's Code at section 4932, which reads as follows:

"If it be made to appear to the court, at any time before the trial, by the testimony of disinterested persons, that the allegation of poverty is probably untrue, or the cause of action frivolous or malicious, the action may be dismissed."

The contention of the plaintiffs is that the word "may" in this statute is to be read as "shall," and that, inasmuch as the proof showed the pauper's oath filed by the defendant to be false, the circuit judge had no

discretion under this statute. On the other hand it is contended that by the use of the word "may" in the statute the legislature intended merely to confer a discretion upon the circuit judge to dismiss a case when it was made to appear that the allegation of proverty was probably untrue, and that, having exercised that discretion by overruling the motion, his action is not reviewable.

Of course, if the evidence were in conflict, this court would not review the trial judge's decision, but there is no conflict in the evidence. It conclusively shows that the defendant had property worth more than $5,000, and this was ample to establish the fact that his affidavit of poverty was untrue unless the pauper's oath itself can be considered as evidence upon this question. It cannot be so taken. Its truthfulness being challenged, whether it was true or false, could not be judged of by the affidavit itself. The burden was, of course, on the plaintiff's to show the falsity of the affidavit. Any proof tending to show that was open to contradiction. The defendant did not go upon the stand himself, nor introduce any proof to contradict the testimony of the disinterested witnesses which showed the amount of property the defendant had.

Therefore we come to consider whether, notwithstanding this evidence, the circuit judge was clothed with discretion to disallow the motion, or, if so, whether that discretion was reasonably exercised.

The section of the Code involved was taken from chapter 22 of the Acts of 1821, and its interpretation may be aided by reference to the words of the original act. The original act provided that the clerks of the different

courts of record should issue writs without demanding security, on the application of poor persons, but that before issuing any such process the applicant should take and subscribe to an oath to the effect that, owing to his poverty, he was unable to bear the expense of a suit, and that he was justly entitled to a recovery. Following this provision, and in section 5 of the act, we find the words from which the Code section in question was taken:

"At the return term [if] it shall appear to the said court by the affidavit of one or more disinterested person or persons, that said allegation of poverty made by the plaintiff is probably untrue, or that his cause of action is frivolous, or malicious, the said court shall be and is hereby authorized to dismiss the same."

Thus it will be seen that the legislature, in carrying this act into the Code, instead of using the words which conferred authority upon the court to dismiss the case, used the words, "the action may be dismissed." Clearly, the meaning of the original act and that of the Code is the same. There was no authority in the court to dismiss a suit commenced upon the filing of the oath without this section. The legislature, in conferring the authority to dismiss the suit, evidently intended that the suit should be dismissed if the facts were made to appear to be such as to give the court the authority. It will be observed that this same authority is conferred upon the court when it is made to appear that the cause of action is frivolous or malicious. It could hardly be thought that the court could exercise a discretion against the dismissal of a suit when it was made to appear that it was frivolous or malicious. The truthfulness of an allegation

Fort v. Noe.

of poverty being properly challenged, this provision authorized the court to judicially determine the issue. It certainly did not mean that the circuit judge could by arbitrary exercise of his discretion decline to do that which the proof showed ought to be done. The opposite party was entitled to invoke the action of the court upon the authority conferred, and it was his duty to decide it just as he would any other question coming before the court for decision. His action is subject to review, just as is his action upon any other question coming up for decision.

We recognize the rule of liberal construction in favor of the rights of poor persons under this statute, but we think there can be no doubt as to the meaning of this provision, and that under it the action of the court is subject to review. The evidence all being one way upon the question, the court's duty was plain, and his action in refusing to sustain the motion upon that evidence was erroneous. It results that the judgment of the court of civil appeals, remanding the case for new trial, is reversed, and judgment will be rendered here affirming in favor of the plaintiffs the judgment obtained by them before the justice of the peace, with interest and cost.