FISKE *et al. v.* GRIDER.

(*Jackson,* April Term, 1937.)

Opinion filed June 17, 1937.

. · B. H. HUNT and WHITE & WHITE, all of Livingston, for plaintiffs in error.

ANDREW J. DOYLE and PEARL LESLEY JOHNSON, both of Nashville, and E. C. KNIGHT, of Livingston, for defendant in error.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

This is a proceeding by the next of kin of Mrs. Mary C. (Fiske) Grider to contest her alleged holographic will upon allegations that it is a forgery. It was admitted to probate in common form on November 21, 1935, and is as follows:

"I, Mary Fiske Grider, this day May 8, 1929, will all the property that I have at Hilham, Tennessee, including all house hold goods To my husband Jim J. Grider.

"Mary C. Grider."

Defendant, as sole beneficiary under said will, on March 2, 1936, filed the oath provided for poor persons in due form, as authorized by section 8106 of the Code. Thereupon counsel for contestants filed the following motion:

"Comes the petitioner and move the Court to strike the oath filed in lieu of a $500.00 contest bond as the law requires both contestant and contestee to execute bonds with good and solvent sureties."

This motion was predicated upon the idea that in a will contest the statute providing for the execution of

bond by both contestant and contestee was mandatory. The trial court construed the involved statutes to vest in him a discretion as to whether he would permit a will contest to be prosecuted *in forma pauperis*, and, exercising that discretion, declined to permit proponent to prosecute the suit on the pauper's oath, but ordered that he file a bond, with good sureties, within two days, or his suit would be dismissed. While he sustained the motion of contestants, he did not strike the oath, but ordered it filed and made a part of the record.

On March 3, 1936, A. A. Fiske, one of the contestants, filed an affidavit controverting the right of defendant to prosecute the case on the pauper's oath. In disposing of the motion the trial court based his action upon what he conceived to be a judicial discretion vested in him by law, and stated expressly that in the action taken he did not consider the Fiske affidavit.

On March 5, 1936, the defendant filed another affidavit setting forth in great detail the reasons why he could not execute a bond, and which contained all of the requisites of the oath *in forma pauperis* in lieu of a prosecution bond. In the order of March fifth the order of March third was amended so as to add thereto: "The affidavit will be taken into consideration, however, when and before the order is entered, if no bond is filed." This had reference to defendant's affidavit. The order of March 5, 1936, then provides:

"After due consideration of the entire record in the case, and especially said rule and the court being of opinion that the affidavit replying to the rule made upon the defendant, the beneficiary under the will is insufficient and so orders."

█ The court thereupon ordered the will set aside and the property of Mrs. Grider distributed and vested as the property of an intestate. The Court of Appeals construed the judgment of the circuit court to be a disposal of the case on the merits as to defendant's right to prosecute the case *in forma pauperis*. While the record is not clear upon this point, we interpret it differently, and feel that the defendant should have the benefit of of any doubt, since section 9085, authorizing a dismissal upon a showing that the allegation of poverty is probably untrue, is to be liberally construed. *Fort* v. *Noe*, 144 Tenn., 337, 233 S. W., 516. The written opinion of the trial court was filed on March 3, 1936, was duly signed by him, and ordered to be made a part of the record. Our interpretation of his adjudication is predicated largely on said opinion, which clarifies the judgments entered without in any material manner varying or contradicting them. The statute just referred to is as follows:

"If it be made to appear to the court, at any time before the trial, by the testimony of disinterested persons, that the allegation of poverty is probably untrue, or the cause of action frivolous or malicious, the action may be dismissed. The burden shall be upon a pauper to justify his oath."

There is no suggestion that testimony of disinterested persons was heard as to defendant's allegation of poverty, and we are satisfied the court did not go into that matter further than to consider defendant's second affidavit in exercising what he conceived to be his judicial discretion.

█ This record presents the single question, therefore, as to whether the statute authorizing a will contest *in*

*forma pauperis* is discretionary or mandatory. The sections of the Code upon which the trial court based his decision are as follows:

8104. "If the legatees or devisees, or any of them, be adults, and have notice that the probate of the will is contested, the court shall require them to enter into bond, with surety, in the penal sum of five hundred dollars, conditioned for the faithful prosecution of the suit, and, in case of failure therein, to pay all costs that may accrue thereon; but an adult legatee or devisee who makes known in writing, to be entered of record, to the court that he claims nothing under the will, and is willing that it be set aside, shall not be required to enter into bond."

8105. "If all the legatees or devisees are adults, and refuse or fail to enter into such bond, said will shall not be admitted to probate, but shall be held for naught, and the property of the supposed testator shall be distributed as the property of an intestate."

8106. "Persons may be permitted to have an issue made upon any will, either as plaintiffs or defendants, in the form prescribed for paupers."

These sections should be construed in conjunction with section 9080 of the Code, which provides:

"Except for false imprisonment, malicious prosecution, slanderous words, and for absolute divorce, any resident of this state may commence an action without giving security as above required by taking and subscribing the following oath in writing: 'I, A B, do solemnly swear, that, owing to my poverty, I am not able to bear the expense of the action which I am about to commence, and that I am justly entitled to the relief sought, to the best of my belief.' Provided, that in suits for absolute

divorce brought by women unable to give bond, the clerks of the various courts having jurisdiction in such cases may accept, in lieu of such bond and security for costs, a cash deposit, not to exceed six dollars, which shall be applied to the partial payment of the costs of the officers of the court in the order in which they accrue; and provided that if the costs in the case can be collected by execution from the defendant, the amount so deposited by the petitioner shall be refunded to her; and provided, further, that suits for divorce from bed and board may be prosecuted *in forma pauperis.*"

The legislative intent is clearly expressed in the statute just quoted, viz., that all actions may be prosecuted *in forma pauperis*, except those for (1) false imprisonment; (2) malicious prosecution; (3) slanderous words; and (4) for absolute divorce. The law is very liberal in allowing the prosecution of suits *in forma pauperis. Heatherly* v. *Bridges*, 48 Tenn. (1 Heisk.), 220. The object of this rule is to place the weak on a level with the strong, in a contest for their rights in a court of justice. *Andrews* v. *Page*, 49 Tenn. (2 Heisk.), 634; *Barber* v. *Denning*, 36 Tenn. (4 Sneed), 267.

In statutory construction the word "may" is frequently construed to mean "shall." *Fort* v. *Noe, supra; Walton* v. *Walton*, 96 Tenn., 25, 33 S. W., 561; 39 C. J., 1393.

We think the statute here involved is mandatory, and that a will contest can be prosecuted *in forma pauperis* unless the allegation of poverty is shown to be probably untrue in the manner provided by section 9085 of the Code. The Court of Appeals pretermitted this question, and affirmed the trial court upon the idea that he had denied defendant the right to prosecute the case on

the pauper's oath because he considered the allegation of poverty probably untrue, basing his finding on the Fiske affidavit. For the reason previously stated, we think the Court of Appeals misinterpreted the judgment of the circuit court. But if mistaken in this, the trial court was clearly in error, since the statute only authorized him to require a bond upon the testimony of disinterested persons that the allegation of poverty is probably untrue. A. A. Fiske was an interested party, so that if the court considered his affidavit (his opinion states that he did not consider it) he could not predicate a judgment thereon. The affidavit of Fiske could serve no useful purpose on appeal; hence it was unnecessary to incorporate same in a bill of exceptions.

■ ■ With respect to the oath, it is merely a substitute for a prosecution bond. *Hilliard* v. *Stark*, 82 Tenn. (14 Lea), 9; *Snyder* v. *Summers*, 69 Tenn. (1 Lea), 481; *Wilson* v. *Corry*, 69 Tenn. (1 Lea), 391; *Andrews* v. *Page, supra; Morris* v. *Smith*, 30 Tenn. (11 Humph.), 133. Sections 8970 and 9042 of the Code expressly provide that prosecution and appeal bonds constitute a part of the record proper. The pauper's oath, being a substitute therefor, comes within the same category. This court, in *Andrews* v. *Page, supra*, in speaking of the duties of clerks regarding appeals, says: "When they take and file a bond for the prosecution of an appeal, it becomes a part of the record in the appellate court, on which judgment may be recovered at any time against the appellant and his sureties, without notice. Code, section 3161. And so in administering the oath *in forma pauperis*, the affidavit becomes a part of the record, and if not transcribed into the record, it is fatal." The rule would be

the same with respect to prosecution bonds, or, in lieu thereof, oaths *in forma pauperis.*

It has never been the practice in this state to incorporate oaths for poor person in lieu of prosecution and appeal bonds in a bill of exceptions, but they are treated as a part of the record proper.

We have stated repeatedly that it is the policy of this court to have controversies between litigants determined upon their merits. We think the defendant was entitled to prosecute this suit *in forma pauperis,* in the absence of testimony by disinterested persons that his allegation of poverty is probably untrue.

Petition for writ of *certiorari* has heretofore been granted and argument heard.

For the reasons set forth herein, the judgments of the Court of Appeals and the circuit court will be reversed and the case remanded to the latter court to be proceeded with further.

The petitioners, A. A. Fiske et al., will pay the costs of the appeal; other costs will be adjudged on the final hearing of the case.