**Edward L. JONES, Plaintiff/Appellant,**

v.

**Irenn M. DAILEY and Board of Education, City of Memphis Schools, Defendants/Appellees.**

Court of Appeals of Tennessee, Western Section, at Jackson.

Nov. 15, 1989.

Application for Permission to Appeal Denied by Supreme Court Jan. 29, 1990.

Lewis K. Garrison, Memphis, for plaintiff, appellant.

Prince C. Chambliss, Jr., Memphis, for defendants, appellees.

TOMLIN, Presiding Judge (Western Section).

Edward L. Jones (plaintiff) filed suit in the Circuit Court for Shelby County against the Board of Education, City of Memphis Schools, and Irenn M. Dailey, its employee (defendants) for personal injury based upon defendant Dailey's alleged negligence. The suit was brought on a pauper's oath. Defendants filed a motion to dismiss, alleging plaintiff's oath of poverty to be probably untrue, pursuant to T.C.A. § 20–12–132. Following a hearing, the trial judge granted the motion. On appeal, plaintiff has presented the following issues: (1) Did the trial court err in granting defendants' motion to dismiss? (2) Did the trial court's refusal to allow plaintiff to proceed *in forma pauperis* violate plaintiff's constitutional rights? (3) Did the trial court err in denying plaintiff's motion to transfer the cause to another division of the Shelby County Circuit Court? Inasmuch as our disposition of the first issue is dispositive of the case, we do not reach issues two and three. We find no error and affirm.

## I. THE PAUPER'S OATH

Plaintiff filed his personal injury suit *in forma pauperis.* Following an investigation of plaintiff's financial status, the defendants filed their motion to dismiss pur-

suant to T.C.A. § 20–12–132, which provides as follows:

**Dismissal of pauper's action.**—(a) If it be made to appear to the court, at any time before the trial, by the testimony of disinterested persons, that the allegation of poverty is probably untrue, or the cause of action frivolous or malicious, the action may be dismissed.

(b) The burden shall be upon a pauper to justify his oath.

Defendants' motion to dismiss contended that the allegation of poverty was "probably untrue," one of the criteria set forth in the statute above for dismissal of an action.

In support of their motion, defendants filed the affidavit of Shirley Chambers, who is identified as the associate payroll coordinator of Buckeye Cellulose Company, plaintiff's employer. The affidavit stated that plaintiff was a full-time employee of Buckeye in each of the calendar years 1983–1986.[1] Ms. Chambers' affidavit stated the amount of wages earned by plaintiff during those calendar years was as follows: 1983, $15,778.57; 1984, $23,222.07; 1985, $23,038.02; and 1986, $24,951.75. Copies of plaintiff's W–2 forms for each of the stated years were attached.

In addition, defendants relied upon certain admissions of plaintiff made in his deposition of February, 1987: he earned $24,000 in 1986, he indicated his family had no unusually large medical bills facing them at that time; and he was not paying child support for any children outside of his own family. He stated that he and his wife, who was also employed, were purchasing their home at a price of $49,000, with monthly payments of approximately $589. Plaintiff said he had a savings account with more than $100 but less than $500 on deposit, and he also had a checking account with a balance in the same general range as his savings account.

In addition, plaintiff testified in his deposition that his counsel failed to explain to him the qualifications for executing a pauper's oath. Neither was he advised of the

amount of the filing fee for his lawsuit nor of the potential amount of any court costs.

Along with his response to defendants' motion to dismiss, plaintiff filed an affidavit containing the following statements pertaining to his financial condition: Regarding his residence, he stated that he had "very little equity" in the house, and that "the mortgage was about equal to the value." In addition, plaintiff stated that "about the time this Complaint was filed, I had filed a Petition in Bankruptcy Court and had filed a Wage Earner Petition. It was pending and active.... All of my available funds were paid into the Bankruptcy Court...."

In *Fort v. Noe*, 144 Tenn. 337, 233 S.W. 516 (1920), our Supreme Court interpreted the word "may" in T.C.A. § 20–12–132 to read "shall," holding that the trial court has a mandatory duty to dismiss a suit under circumstances such as these "if the facts were made to appear to be such as to give the court the authority." In the later case of *Fiske v. Grider*, 171 Tenn. 565, 106 S.W.2d 553 (1937), the court again reiterated that in this statute the word "may" was to be construed "shall."

Defendants' motion was supported by an affidavit of another Buckeye employee—a disinterested witness—as well as admissions by plaintiff himself. This Court held in *Cummings Construction Co. v. Threatt*, 7 T.A.M. 2–13 (Nov. 16, 1981) that an admission by a party was even stronger evidence than testimony of a disinterested witness.

Looking at the proof presented, we think that the defendants carried the burden of showing that plaintiff's oath of poverty was probably untrue. At this point the burden shifted to plaintiff "to justify his oath," as called for by § 20–12–132(b). In our opinion, plaintiff failed to do so.

We need not decide the remaining issues. In light of our decision regarding the pauper's oath, plaintiff's motion to transfer cause becomes moot and is a non-issue. We do not reach plaintiff's constitutional claim for the reason that this Court will not

---

**1.** The date of the accident was April 19, 1985.    Suit was filed April 7, 1986.

consider constitutional questions unless a determination is essential to the disposition of a case. *Richardson v. Young*, 122 Tenn. 471, 125 S.W. 664 (1910).

The judgment of the trial court is affirmed. Costs in this cause are taxed to plaintiff, for which execution may issue if necessary.

CRAWFORD and FARMER, JJ., concur.