IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Brief April 8, 2013

**NIGEL MARLIN REID SR. v. MORRISTOWN POWER ET AL.**

**Appeal from the Circuit Court for Hamblen County**
**No. 12CR266      Tom J. Wright, Judge**

**No. E2012-02480-COA-R3-CV-FILED-JUNE 26, 2013**

Nigel Marlin Reid, Sr. filed a complaint in the trial court. The court, sua sponte, held that the complaint is "frivolous" and that plaintiff's claims against his brother are barred by res judicata. The court dismissed the action. Because the complaint fails to state a cause of action, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., P.J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and JOHN W. MCCLARTY, JJ., joined.

Nigel Marlin Reid, Sr., Morristown, Tennessee, appellant, pro se.

No appearance by or on behalf of appellees.

**OPINION**

I.

Plaintiff filed this action against his brother, Almond Reid; his brother's wife, Louise Reid;[1] Beverly LeDoux, who apparently is employed by Almond Reid as manager of his rental properties in Morristown; and Rev. Clifton Jackson, pastor of a Morristown church. Shortly prior to the institution of this action, Almond Reid filed a forcible entry and detainer

---

[1] It is difficult to ascertain from plaintiff's handwritten pleadings exactly what Mrs. Reid's first name is. The complaint and attachments refer to her as "Loiuse Reid" and "Louse Reid." Plaintiff's handwritten appellate brief often refers to her as "Lugina Reid." The trial court's order names her as Louise Reid. We will do likewise.

action ("***Reid I***") against plaintiff, seeking to evict him from an apartment owned by Almond Reid and located at 1440 Cherokee Drive in Morristown. ***Reid I***, which was heard and decided by the same trial court, resulted in a judgment in favor of Almond Reid and against plaintiff for unpaid rent and a writ of possession. On appeal, we affirmed. ***Reid v. Reid***, 388 S.W.3d 292, (Tenn. Ct. App. 2012). The ***Reid I*** opinion was filed on August 9, 2012.

Plaintiff's handwritten complaint in the case now before us, filed on October 29, 2012, states in its entirety as follows:

> Defendant 1.) Morristown Power. on, 8-27th,12; I did go to ask them if I could turn my power back on. I was told no because of the letter that they received or they think that they received from Mr. Almond Reid that wasn't signed or notarized. See Atc #1. please be advised that I've been without power for almost a year now since my power was turned off about a year now. Please look at Atc. #2 on or about 6-25th-12-7-18th 12. Mr. Reid's manager Miss Ledoux changed the lock on my door plus all three know that Mr. Reid had the water Bill in his name for the Last 5-6 years but he & his wife had Miss Ledoux put the water bill in her name. this can & will proven through subpoena & or Discovery. even those Mr. Reid or his wife didn't turn off my Lights Defendant; Morristown power will not allow me to turn my lights back on even though I payed my Bill up in full. I'm Bi-polar & this has put me through a Lot of mental Anguish & stress. See Atc #3.
>
> Defendant 2) Almond C. Reid. I was his manager off & on for the past 10 year's. with a verbal & a lease stating I didn't have to pay rent as long as I work for him & his wife Louse Reid. But after he Lost his job that he work for 32 year's then he wanted/they wanted me to pay rent I said no then he started to evict me. I reserve the right to add evidence as the trial proceeds. I so move the court to grant this request. see Att. #3. this is my clear statement for claim for relief.

Attached to the complaint was a document styled "Attc #2." In an effort to convey that with which the trial court was presented and because plaintiff's claims are somewhat difficult to decipher and describe, we quote verbatim at some length his pertinent allegations:

> For defendant, Louse Reid. . . . I can prove that Mrs Reid know every that her husband does here @ 1440 Cherokee Dr. Bouth

her & her husben (Almond) knows that I'm bi-polor & Discriminated against me. . .

For defendant Beverly Ledoux, . . . I can and will prove that she Ladoux did call 911 on my son & or me during the month of Aug. befor she became manager @ 1440 Cherokee Dr. . . . on or about 6-12 defendant Ladoux did turn my water off.  then on 6-25th or 26th 2012 defendant Ladoux did throw my son Nigel Reid II Furniture without evicting him when I was  manager for defendant(s) Almond/Loiuse Reid know that I gave my son Nigel Marlin Reid II a lease. . . . to add to the Mental Anguish that Defendant Ledoux stated to I couldn't step Food on 1440 Cherokee Dr. that I was Band knowing that my Evection was still on Apeal in the Appeals Court in Knoxville Tn.

*     *     *

For defendant Rev. Clifton Jackson, on or about Feb. 12th 2012 this defendant Rev. Jackson did stand in Front of his church and told them that I the Rev. Nigel Marlin Reid, Sr. the pastor of the Church of tha Livin Rock non-denomination church was not allowed to ever step foot on Bethel Baptist church a denomination church . . . he realy put my through mintal anguish by getting or going be for the Bethel Baptist church telling them that I couldn't atend church there and know that I started my church the church of Tha Livn Rock.  this is clear Religush Discrimination:

Plaintiff also filed a form captioned "United States District Court Eastern District of Tennessee Application to Proceed in Forma Pauperis with Supporting Documentation." He stated that "because of my poverty, I am unable to pay the fees for this action or give security therefor."  Before any of the defendants filed a response, the trial court, acting sua sponte, entered an order stating:

The undersigned has thoroughly reviewed Mr. Reid's Application to Proceed *in forma pauperis* and his complaint. Although Mr. Reid qualifies as indigent, and the Clerk is DIRECTED to file the documents plaintiff has submitted, the Complaint is frivolous.

-3-

The central allegations of this complaint have been tried by this Court, a verdict rendered against Plaintiff Reid and that verdict affirmed on appeal. Since Mr. Reid had no claim to the property where he wanted power restored, he can have no claim against Morristown Power for failing to turn the power on. There is no claim asserted against defendant Jackson. The claims against defendants Reid have been adjudicated previously and are final. Hamblen County Circuit Court Docket No. 11CV227TJW.

Accordingly, this case is DISMISSED pursuant to T.C.A. § 20-12-132.

(Capitalization in original.) Plaintiff timely filed a notice of appeal.

II.

The sole issue we review is whether the trial court erred in dismissing plaintiff's complaint.

III.

A.

The trial court dismissed plaintiff's complaint pursuant to Tenn. Code Ann. § 20-12-132 (2009), which pertains to actions filed by plaintiffs proceeding *in forma pauperis*. *See* ***Fiske v. Grider***, 106 S.W.2d 553, 554-55 (Tenn. 1937); ***Morris v. Smith***, 30 Tenn. (11 Hum.) 133, 134-35 (Tenn. 1850); ***Jones v. Dailey***, 785 S.W.2d 365, 366 (Tenn. Ct. App. 1989). Tenn. Code Ann. § 20-12-127, which authorizes a lawsuit on a pauper's oath, provides as follows:

(a) Any civil action may be commenced by a resident of this state without giving security as required by law for costs and without the payment of litigation taxes due by:

(1) Filing the following oath of poverty:

I, [fill in blank], do solemnly swear under penalties of perjury, that owing to my poverty, I am not able to bear the expense of the action which I am about to commence, and that I am justly entitled to the relief sought, to the best of my belief;

-4-

and

    (2) Filing an accompanying affidavit of indigency as prescribed
    by court rule.

Section 20-12-132 provides:

    (a) If it is made to appear to the court, at any time before the
    trial, that the allegation of poverty is probably untrue, or the
    cause of action frivolous or malicious, the action may be
    dismissed.

    (b) The burden shall be upon a pauper to justify the pauper's
    oath.

The trial court dismissed plaintiff's cause of action on the ground that it is "frivolous." Although Tennessee courts have occasionally addressed the question of whether the allegation of poverty in a pauper's oath "is probably untrue," *see, e.g., Fort v. Noe*, 233 S.W. 516, 517 (Tenn. 1920); *McKinney v. Leisure Pools, Inc.*, Shelby Law No. 63, 1989 WL 2460 at *2-3 (Tenn. Ct. App. W.S., filed Jan. 17, 1989); *Hewell v. Cherry*, 158 S.W.2d 370, 373 (Tenn. Ct. App. 1941), it appears the issue of dismissal of a "frivolous" cause of action proceeding *in forma pauperis* has arisen only once. *Kincaid v. Bradshaw*, 65 Tenn. (6 Baxt.) 102 (Tenn. 1873). *Kincaid*, however, was decided on a different ground.

In the present case, plaintiff did not file the oath of poverty required by Tenn. Code Ann. § 20-12-127(a)(1). The federal court form for application to proceed *in forma pauperis* that plaintiff partially filled out – only two pages of the ten-page application are in the appellate record – does not contain plaintiff's signature, nor the language of the oath of poverty required by section 127(a)(1). Furthermore, plaintiff did not file an affidavit of indigency as required by section 127(b).[2] Although the proper applicability of Tenn. Code Ann. § 20-12-132 is open to question, we need not reach that issue in this case. This is because the trial court had the authority to dismiss the action on another ground, *i.e.,* failure to state a claim upon which relief could be granted. *Huckeby v. Spangler,* 521 S.W.2d 568, 571 (Tenn. 1975); *Donaldson v. Donaldson*, 557 S.W.2d 60, 62 (Tenn. 1977) (observing that "[t]here is no duty on the part of the court to create a claim that the pleader does not spell out in his complaint. And where, as here, no claim for relief is stated by a party, a court may properly dismiss the action, either on motion or sua sponte.") (citation omitted).

---

[2]After the trial court entered its final judgment, plaintiff did file an affidavit of indigency in lieu of an appellate bond.

B.

In considering an action where, as here, the trial court, acting sua sponte, dismissed a suit because it failed to state a claim, a "court should construe the complaint liberally in favor of the plaintiff, taking all of the allegations of fact therein as true. Any such dismissal by the trial court, like a dismissal under Rule 12, is subject to scrutiny on appeal." *Huckeby*, 521 S.W.2d at 571. We review the trial court's decision under the following well-established standard of review of dismissal pursuant to Tenn. R. Civ. P. 12.02(6):

> A Rule 12.02(6) motion challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence. The resolution of a 12.02(6) motion to dismiss is determined by an examination of the pleadings alone.
>
> *       *       *
>
> In considering a motion to dismiss, courts must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences. A trial court should grant a motion to dismiss only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. We review the trial court's legal conclusions regarding the adequacy of the complaint de novo.

*Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011) (internal citations and quotation marks omitted.)

Regarding our review of a pro se litigant's claims, we have observed the following standards and applicable principles:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

-6-

The courts give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs. Accordingly, we measure the papers prepared by pro se litigants using standards that are less stringent than those applied to papers prepared by lawyers.

Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries. They are, however, entitled to at least the same liberality of construction of their pleadings that Tenn. R. Civ. 7, 8.05, and 8.06 provide to other litigants. Even though the courts cannot create claims or defenses for pro se litigants where none exist, they should give effect to the substance rather than the form or terminology, of a pro se litigant's papers.

*Marceaux v. Thompson*, 212 S.W.3d 263, 267 (Tenn. Ct. App. 2006) (quoting *Young v. Barrow*, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003)).

C.

We now proceed to evaluate the merits of plaintiff's claims, construing the complaint liberally in his favor and taking all of the allegations of fact therein as true. Plaintiff's claims against Almond Reid, Louise Reid, and Beverly LeDoux are premised upon a claim to possession of the property he previously rented from Almond Reid at 1440 Cherokee Drive in Morristown. Any claim to possession of the property, however, is precluded by Almond Reid's earlier forcible entry and detainer and eviction action that was decided by the same trial court and affirmed on appeal. *Reid I*, 388 S.W.3d at 293 (affirming the trial court's judgment granting Almond Reid a writ of possession of the property and a judgment for unpaid rent). The trial court properly took judicial notice of its own judgment and order in *Reid I*. *See Harris v. State*, 301 S.W.3d 141, 147 n.4 (Tenn. 2010) ("The Court may take judicial notice of its own records."); *State v. Lawson*, 291 S.W.3d 864, 870 (Tenn. 2009) (observing "the axiom that if the proceedings are of a particular court, that court may appropriately take judicial notice"); *Hughes v. State*, 451 S.W.2d 696, 697 (Tenn. Crim. App. 1969) (a court "can take judicial notice of its own orders and judgments"). Plaintiff filed the present complaint less than three months after the Court of Appeals affirmed the trial court's judgment in *Reid I*.

Plaintiff's claims against the Reids and Ms. LeDoux are barred by the doctrine of res judicata, which "'bars a second suit between the same parties or their privies on the same cause of action with respect to all the issues which were or *could have been litigated* in the

former suit.'" ***Patton v. Estate of Upchurch***, 242 S.W.3d 781, 790 (Tenn. Ct. App. 2007) (quoting ***Young***, 130 S.W.3d at 64) (emphasis in original).  Regarding plaintiff's claims against the other defendants, the trial court correctly held that "[s]ince Mr. Reid had no claim to the property where he wanted power restored, he can have no claim against Morristown Power for failing to turn the power on" and "[t]here is no claim asserted against defendant Jackson."

IV.

The judgment of the trial court is affirmed.  Costs on appeal are assessed to the appellant, Nigel Marlin Reid, Sr.  The case is remanded to the trial court, pursuant to applicable law, for collection of costs assessed below.

_____
CHARLES D. SUSANO, JR., PRESIDING JUDGE