# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
December 9, 2013 Session

## CHARLES J. CHAMBERS EX REL. ODIS M. CHAMBERS v. BRADLEY COUNTY ET AL.

### Extraordinary Appeal from the Circuit Court for Bradley County
No. V-11-818     Lawrence H. Puckett, Judge

---

### No. E2013-01064-COA-R10-CV-FILED-MARCH 28, 2014

---

In this medical malpractice[1] case, the defendants moved to dismiss the complaint with prejudice on the grounds that plaintiff failed to file, with his complaint, the affidavit of the person who mailed pre-suit notice to the defendants. The trial court, noting that plaintiff complied with Tenn. Code Ann. § 29-26-121 (Supp. 2013) in every respect except for filing the affidavit, and that he filed the affidavit shortly after the complaint, denied the motion to dismiss on the ground that plaintiff had substantially complied with the statute. We affirm the judgment of the trial court.

### Tenn. R. App. P. 10 Extraordinary Appeal by Permission; Judgment of the Circuit Court Affirmed; Case Remanded

CHARLES D. SUSANO, JR., C.J., delivered the opinion of the Court, in which JOHN W. MCCLARTY and THOMAS R. FRIERSON, II, JJ., joined.

Thomas M. Pinckney, Stephen W. Elliott, and Fetlework Balite-Panelo, Nashville, Tennessee, for the appellant, Bradley Healthcare and Rehabilitation Center.

Ashley L. Ownby, Cleveland, Tennessee, for the appellee, Odis M. Chambers.

---

[1]The legislature amended Tenn. Code Ann. § 29-26-121 to replace the term "medical malpractice" with "health care liability" effective April 23, 2012. See Act of April 23, 2012, ch. 798, 2012 Tenn. Pub. Acts. The complaint at issue here was filed Oct. 28, 2011. In this opinion, we will refer to the version of the statute in effect on the date the complaint was filed.

# OPINION

## I.

On October 28, 2011, Charles M. Chambers ("plaintiff") brought this action as next of kin to Odis M. Chambers ("decedent") against Bradley County and the Bradley Healthcare & Rehabilitation Center, a nursing home facility (collectively "defendants"), where decedent had been a resident. The complaint alleges, in essence, that the defendant nursing home failed to give the decedent, an elderly woman, enough water, causing her to suffer thirst and die of dehydration and renal failure:

> During the course of [decedent's] stay while at Defendant Facility, she suffered extreme neglect, [and was] deprived of treatment, deprived of necessary care and services, which . . . led to her death caused by the employees and/or agents of the Defendant Facility failing to monitor changes in her condition, failing to follow her care plan, failing to recognize the signs and symptoms of dehydration [and] acute renal failure, failure to implement intake and output monitoring for a patient at high risk for dehydration, failure to monitor dietary necessities, and failure to accurately assess respiratory, cardiac, and genitourinary status during her residency.

Because plaintiff's action states a claim for medical malpractice, plaintiff provided pre-lawsuit notice to defendants more than 60 days before filing his complaint, as required by Tenn. Code Ann. § 29-26-121. Shortly after plaintiff filed his complaint, defendants filed a motion to dismiss, citing plaintiff's failure to file, with the complaint, an affidavit of the party mailing the pre-suit notice. Defendants assert that this failure mandates dismissal of plaintiff's action with prejudice under Tenn. Code Ann. § 29-26-121. It is undisputed that plaintiff fully complied with Section 121 in all respects except filing the affidavit with the complaint. Section 121, the controlling statute in this case, provides, in pertinent part, as follows:

> (a)(1) Any person . . . asserting a potential claim for health care liability shall give written notice of the potential claim to each health care provider that will be a named defendant at least sixty (60) days before the filing of a complaint based upon health care liability in any court of this state.
>
> (2) The notice shall include:

(A) The full name and date of birth of the patient whose treatment is at issue;
(B) The name and address of the claimant authorizing the notice and the relationship to the patient, if the notice is not sent by the patient;
(C) The name and address of the attorney sending the notice, if applicable;
(D) A list of the name and address of all providers being sent a notice; and
(E) A HIPAA compliant medical authorization permitting the provider receiving the notice to obtain complete medical records from each other provider being sent a notice.

(3) *The requirement of service of written notice prior to suit is deemed satisfied if, within the statutes of limitations and statutes of repose applicable to the provider, one of the following occurs, as established by the specified proof of service, which shall be filed with the complaint*:

(A) Personal delivery of the notice to the health care provider . . . ; or
(B) Mailing of the notice:

(i) To an individual health care provider . . .; or

(ii) To a health care provider that is a corporation or other business entity at both the address for the agent for service of process, and the provider's current business address . . . .

(4) *Compliance with subdivision (a)(3)(B) shall be demonstrated by filing a certificate of mailing* from the United States postal service stamped with the date of mailing *and an affidavit of the party mailing the notice establishing that the specified notice was timely mailed by certified mail, return receipt requested.* A copy of the notice sent shall be attached to the affidavit. . . .

(b) If a complaint is filed in any court alleging a claim for health care liability, the pleadings shall state whether each party has complied with subsection (a) and shall provide the documentation specified in subdivision (a)(2). The court may

require additional evidence of compliance to determine if the provisions of this section have been met. The court has discretion to excuse compliance with this section only for extraordinary cause shown.

(Emphasis added.)

The trial court denied the motion in an order stating, "the affidavit of counsel pursuant to T.C.A. § 29-26-121 was not filed at the time of the complaint but was later filed by Plaintiff[] prior to responsive pleadings and therefore complies with the notice requirement of the Tennessee Medical Malpractice Act." Defendants timely filed an application for extraordinary appeal under Tenn. R. App. P. 10, which we granted.

## II.

As stated in our order granting permission for a Rule 10 extraordinary appeal, "the sole issue on appeal [is] whether the Plaintiff failed to strictly comply with the pre-suit notice requirement that the affidavit of service of the written notice of claim required by statute be filed simultaneously with the complaint, such that dismissal of the medical malpractice claims was warranted."

## III.

There are no disputed facts pertinent to this appeal. "The trial court's denial of defendants' motions to dismiss involves a question of law, and, therefore, our review is *de novo* with no presumption of correctness." ***Stevens ex rel. Stevens v. Hickman Cmty. Health Care Servs., Inc.***, No. M2012-00582-SC-SO9-CV, 2013 WL 6158000 at *2 (Tenn., filed Nov. 25, 2013) (citing ***Graham v. Caples***, 325 S.W.3d 578, 581 (Tenn. 2010)). In ***Stevens***, the Supreme Court, construing Tenn. Code Ann. § 29-26-121 and addressing the question of whether a plaintiff may avoid dismissal of his or her complaint by substantial compliance with the statute's requirements, observed the following general principles:

> [W]e must interpret the meaning of various provisions of Tenn. Code Ann. § 29-26-121. Statutory interpretation is a question of law, which we review *de novo*. ***Pratcher v. Methodist Healthcare Memphis Hospitals***, 407 S.W.3d 727, 734 (Tenn. 2013). When interpreting a statute, our role is to ascertain and effectuate the legislature's intent. ***Sullivan ex rel. Hightower v. Edwards Oil Co.***, 141 S.W.3d 544, 547 (Tenn. 2004). We must not broaden or restrict a statute's intended meaning. ***Garrison***

*v. Bickford*, 377 S.W.3d 659, 663 (Tenn. 2012) (quoting *U.S. Bank, N A. v. Tenn. Farmers Mut. Ins. Co.*, 277 S.W.3d 381, 386 (Tenn. 2009)).  We also presume that the legislature intended to give each word of the statute its full effect.  *In re Estate of Trigg*, 368 S.W.3d 483, 490 (Tenn. 2012).  When statutory language is unambiguous, we accord the language its plain meaning and ordinary usage.  *Glassman, Edwards, Wyatt, Tuttle & Cox, P.C. v. Wade*, 404 S.W.3d 464, 467 (Tenn. 2013).  Where the statutory language is ambiguous, however, we consider the overall statutory scheme, the legislative history, and other sources.  *Mills v. Fulmarque, Inc.*, 360 S.W.3d 362, 368 (Tenn. 2012); *Colonial Pipeline Co. v. Morgan*, 263 S.W.3d 827, 836 (Tenn. 2008).

2013 WL 6158000 at *2.

IV.

The statute formerly known as the Medical Malpractice Act, and currently called the Health Care Liability Act, contains a number of procedural requirements that a plaintiff must satisfy to bring an action against a health care provider.  Among these "hurdles" is the requirement of Tenn. Code Ann. § 29-26-121(a), which provides that a claimant "shall give written notice of the potential claim to each health care provider that will be a named defendant at least sixty (60) days before the filing of a complaint[.]" *Id.* at (a)(1).  The notice must include five prescribed items: "(A) The full name and date of birth of the patient whose treatment is at issue; (B) The name and address of the claimant authorizing the notice and the relationship to the patient, if the notice is not sent by the patient; (C) The name and address of the attorney sending the notice, if applicable; (D) A list of the name and address of all providers being sent a notice; and (E) A HIPAA compliant medical authorization permitting the provider receiving the notice to obtain complete medical records from each other provider being sent a notice." *Id.* at (a)(2).  In this case, plaintiff fully complied with the above requirements of subsection 121(a).[2]

According to Tenn. Code Ann. § 29-26-121(b),

> If a complaint is filed in any court alleging a claim for health care liability, the pleadings shall state whether each party has

_____

[2]Plaintiff also complied with the requirements of Tenn. Code Ann. § 29-26-122, which requires the filing of a certificate of good faith with the complaint.

-5-

complied with subsection (a) and shall provide the documentation specified in subdivision (a)(2). The court may require additional evidence of compliance to determine if the provisions of this section have been met. The court has discretion to excuse compliance with this section only for extraordinary cause shown.

Here, plaintiff fully complied with the requirements of subsection 121(b) by stating in his complaint that he complied with subsection (a), and by providing documentation of the five items required by subdivision (a)(2) to be included in the pre-suit notice, including a "HIPAA compliant medical authorization permitting the provider receiving the notice to obtain complete medical records from each other provider being sent a notice." ***Id.*** at (a)(2)(E). Plaintiff argues that by his compliance with the requirements of subsections 121(a)(1) and (2) and (b), he has satisfied the statute, and thus may be allowed to have his claim heard, and defendants be required to file an answer.

Defendants respond, however, that plaintiff failed to comply with an additional requirement found in subsection 121(a)(3) and (4), which provides as follows in pertinent part:

(3) The requirement of service of written notice prior to suit is deemed satisfied if, within the statutes of limitations and statutes of repose applicable to the provider, one of the following occurs, as established by the specified proof of service, *which shall be filed with the complaint*:

(A) Personal delivery of the notice to the health care provider . . .; or

(B) Mailing of the notice:

(i) To an individual health care provider . . .; or

(ii) To a health care provider that is a corporation or other business entity at both the address for the agent for service of process, and the provider's current business address . . . .

(4) *Compliance with subdivision (a)(3)(B) shall be demonstrated by filing a certificate of mailing* from the United States postal service stamped with the date of mailing *and an affidavit of the*

*party mailing the notice* establishing that the specified notice was timely mailed by certified mail, return receipt requested. A copy of the notice sent shall be attached to the affidavit. . . .

Tenn. Code Ann. § 29-26-121(a)(3),(4) (emphasis added).

In this case, plaintiff filed with the complaint a certificate of mailing from the U.S. Postal Service stamped with the date of mailing, but did not include an affidavit of the party mailing the notice. Plaintiff thereafter remedied this shortcoming by filing the affidavit before defendants filed any responsive pleading. Defendants argue that plaintiff's failure to file the affidavit at the time of filing the complaint mandates dismissal of his complaint with prejudice. The trial court disagreed, holding in effect that the plaintiff substantially complied with the statute.

In **Stevens**, the Supreme Court recently addressed the concept of "substantial compliance" with the provisions of Section 121. The High Court provided the following principles that govern our analysis:

> The plain language of Tenn. Code Ann. § 29-26-121(a)(2) provides that each of the aforementioned requirements "shall" be included in a plaintiff's written notice to potential defendants. In **Myers** [**v. AMISUB (SFH), Inc.**, 382 S.W.3d 300, 309 (Tenn. 2012)], we held that "[t]o determine whether the use of the word 'shall' in a statute is mandatory or merely directory, we look to see 'whether the prescribed mode of action is of the essence of the thing to be accomplished.' " As we explained in **Jones v. Prof'l Motorcycle Escort Serv., L.L.C.**, the touchstone of this analysis is whether a party's procedural error resulted in actual prejudice to an opposing party. 193 S.W.3d 564, 571 (Tenn. 2006) ("failure to conform to technical requirements is not fatal where allowing such amendment does not prejudice the defendant and promotes the interests of justice"). Accordingly, if strict compliance with a particular statutory provision is essential to avoid prejudicing an opposing litigant, the prescribed mode of action will be mandatory. **Id.** *See also* **Myers**, 382 S.W.3d at 309 (holding that plaintiffs must strictly comply with 29-26-121(a)(1) because "[w]ithout the notice required by Tennessee Code Annotated section 29-26-121[a][1], the defendants were not apprised that Mr. Myers continued to assert a claim against them and that a suit would be filed and

were therefore deprived of the notice required by Tennessee Code Annotated Section 29-26-121"); Tenn. Code Ann. § 29-26-122(c) (mandating dismissal with prejudice when a plaintiff has failed to offer proof of a good faith claim prior to bringing defendants into litigation).

\* \* \*

A plaintiff's less-than-perfect compliance with Tenn. Code Ann. § 29-26-121(a)(2)(E) . . . should not derail a healthcare liability claim. Non-substantive errors and omissions will not always prejudice defendants by preventing them from obtaining a plaintiff's relevant medical records. Thus, we hold that a plaintiff must substantially comply, rather than strictly comply, with the requirements of Tenn. Code Ann. § 29-26-121(a)(2)(E).

\* \* \*

In determining whether a plaintiff has substantially complied with a statutory requirement, a reviewing court should consider the extent and significance of the plaintiff's errors and omissions and whether the defendant was prejudiced by the plaintiff's noncompliance.

*Stevens*, 2013 WL 6158000 at \*3,4,5 (internal citation omitted). We initially note that although the *Stevens* Court's holding was specifically directed at section 121(a)(2)(E), its rationale and analysis are equally applicable here. We therefore look to the extent and significance of plaintiff's omission of filing the affidavit with the complaint, and whether defendants were prejudiced by this noncompliance. *Id.* at \*5; *Jones*, 193 S.W.3d at 572.

Defendants suffered no prejudice as a result of plaintiffs' filing – after the complaint was filed – of the affidavit of the party mailing the notice instead of filing it simultaneously with the complaint. Defendants do not deny that they received timely pre-suit notice containing all of the items required by the statute. The purpose of the statute and the essence of the thing to be accomplished – pre-suit notice to the defendants – has been satisfied here. *See Myers*, 382 S.W.3d at 309 ("The essence of Tennessee Code Annotated section 29-26-121

is that a defendant be given notice of a medical malpractice claim before suit is filed.")[3]; *Foster v. Chiles*, No. E2012-01780-COA-R3-CV, 2013 WL 3306594 at *7 (Tenn. Ct. App. E.S., filed June 27, 2013) (*perm. app. granted*, Nov. 13, 2013) (Construing section 121 and observing that "[h]ere 'the essence of the thing to be accomplished' is the giving of the notice, not the attaching of evidence of same to the complaint."). Moreover, the essence of the statute's purpose to require proof of service was satisfied in this case as well. As noted, plaintiff attached a certificate of mailing from the U.S. Postal Service indicating the date of mailing and establishing that the specified notice was timely mailed by certified mail, return receipt requested. Under these circumstances, defendants can demonstrate no prejudice by a holding that plaintiff substantially complied with Section 121 and by the trial court's allowance of a filing of the affidavit after the filing of the complaint. *See Jones*, 193 S.W.3d at 572; *Henry v. Goins*, 104 S.W.3d 475, 482 (Tenn. 2003) ("Simply having to proceed to trial does not constitute prejudice, nor does the mere passage of time.").

The Supreme Court stated in *Jones*, and reaffirmed in *Stevens*, that "failure to conform to technical requirements is not fatal where allowing [an] amendment does not prejudice the defendant and promotes the interests of justice." *Stevens*, 2013 WL 6158000 at *3 (quoting *Jones*, 193 S.W.3d at 571). Tennessee courts have long recognized that the interests of justice are promoted by providing injured persons an opportunity to have their lawsuits heard and evaluated on the merits. The Supreme Court observed in 1937 that "[w]e have stated repeatedly that it is the policy of this court to have controversies between litigants determined upon their merits." *Fiske v. Grider*, 106 S.W.2d 553, 555 (Tenn. 1937); *see also Henry*, 104 S.W.3d at 481 ("in the interests of justice, courts express a clear preference for a trial on the merits"); *Henley v. Cobb*, 916 S.W.2d 915, 916 (Tenn. 1996) ("It is well settled that Tennessee law strongly favors the resolution of all disputes on their merits"); *Childress v. Bennett*, 816 S.W.2d 314, 316 (Tenn. 1991) ("it is the general rule that courts are reluctant to give effect to rules of procedure which seem harsh and unfair, and which prevent a litigant from having a claim adjudicated upon its merits"); *Tenn. Dep't of Human Servs. v. Barbee*, 689 S.W.2d 863, 866 (Tenn. 1985) ("the interests of justice are best served by a trial on the merits"); *Stevens*, 2013 WL 6158000 at *8 (quoting and reaffirming general rule stated in *Childress*). It is clear, under these authorities, that the interests of justice would not be promoted by dismissing plaintiff's complaint for failing to include the requisite affidavit with the complaint. Indeed, to do so would be to give effect to a procedural technicality in a

_____

[3]We recognize that the Supreme Court added further nuance to this statement in *Stevens*, recognizing that section 121(a) "establishes six separate requirements that serve related yet ultimately distinct goals" and observing that the purpose of section 121(a)(2)(E) – requiring a HIPAA compliant medical authorization – "serves to equip defendants with the actual means to evaluate the substantive merits of a plaintiff's claim by enabling early access to a plaintiff's medical records." 2013 WL 6158000 at *3. Still, the "essence of the thing to be accomplished" by the statutory provisions at issue here is effective pre-suit notice, and the provision of proof that such notice has been given.

manner both "harsh and unfair." ***Stevens***, 2013 WL 6158000 at *8; ***Childress***, 816 S.W.2d at 316.

This Court recently addressed an argument quite similar to the one presented here – a defendant hospital's assertion that the plaintiff "did not strictly comply with all the provisions of Tenn. Code Ann. § 29-26-121, and, as a consequence, her complaint should be dismissed" – in ***Hinkle v. Kindred Hospital***, No. M2010-02499-COA-R3-CV, 2012 WL 3799215 at *6 (Tenn. Ct. App. M.S., filed Aug. 31, 2012) (*perm. app. denied*, Dec. 10, 2013). Rejecting this argument, we stated:

> The hospital received actual notice. It seems to us that the technical requirements in the statute are intended to provide just that: notice of the claim. Any arguments regarding the method of giving notice would be relevant where the defendant asserts no notice was received. They are not, however, where there is no dispute that the defendant received actual notice.
>
> Accordingly, we conclude that [plaintiff] complied with the notice requirements of the statute as to the defendant hospital.
>
> *       *       *
>
> We cannot conclude that the legislature intended that each and every technical, but not material, deviation from the language of the statute could only be excused or corrected by a showing of extraordinary cause. Dismissal of a meritorious complaint even where the defendant had actual notice and allowing a defendant to participate in discovery and negotiations while waiting to raise technical objections is not consistent with the purposes of the statutory requirements for filing medical malpractice lawsuits.
>
> The defendants' argument elevates form over substance and conflates means with ends. The aim of Tenn. Code Ann. § 29-26-121 is to make sure that prospective defendants receive adequate and timely notice of possible claims against them. Similarly, the certificate of good faith requirement is designed to eliminate lawsuits where the claims have not been vetted by an expert.

> If we were to accept the defendants' argument at face value, we would be forced to conclude that any deviation from the strict letter of Tenn. Code Ann. § 29-26-121, no matter how small, would compel the courts to dismiss any medical malpractice claim asserted, no matter how meritorious. This would negate the strong preference of our law to resolve claims on their merits whenever possible.

*Id.* at *7, 15; *accord* **Haley v. State**, No. E2012-02484-COA-R3-CV, 2013 WL 5431998 at *10-11 (Tenn. Ct. App. E.S., filed Sept. 25, 2013). These observations apply with equal force here.

Defendants rely upon **Thurmond v. Mid-Cumberland Infectious Disease Consultants, PLC**, No. M2012-02270-COA-R3-CV, 2013 WL 1798960 (Tenn. Ct. App. M.S., filed Apr. 25, 2013) (*perm. app. granted*, Aug. 13, 2013). In **Thurmond**, the Middle Section of this Court affirmed the dismissal of a complaint where the plaintiff inadvertently failed to attach the proof of service of pre-suit notice and the affidavit of the party mailing the notice to the complaint. *Id.* at *3. We note that **Thurmond** was decided before the Supreme Court decided and released **Stevens**, so the **Thurmond** Court did not have the benefit of the **Stevens** holding allowing substantial compliance with Section 121. To the extent that **Thurmond** conflicts with our holding today, we express our disagreement with that opinion.

In summary, we hold that a plaintiff must substantially comply, rather than strictly comply, with the requirements of Tenn. Code Ann. § 29-26-121(a). Where a plaintiff has provided sufficient notice to the defendant under the statute and fails to comply with all the strictures of section 121, as here, "there is no reason why the court should not allow plaintiff[] to rectify [the] oversight by filing the required proof late." **Foster**, 2013 WL 3306594 at *6. In the present case, plaintiff substantially complied with the statute, and the trial court did not err in allowing plaintiff to file the affidavit of the party mailing pre-suit notice after the complaint was filed.

V.

The judgment of the trial court is affirmed and the case is remanded, pursuant to applicable law, for further proceedings. Costs on appeal are assessed to the appellants, Bradley County and Bradley Healthcare & Rehabilitation Center.

_____
CHARLES D. SUSANO, JR., CHIEF JUDGE