# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
### November 7, 2012 Session

## GLASSMAN, EDWARDS, WYATT, TUTTLE & COX, P.C.
## v. B. J. WADE ET AL.

**Appeal by Permission from the Court of Appeals, Western Section**
**Chancery Court for Shelby County**
**No. CH10775      Walter L. Evans, Chancellor**

---

**No. W2012-00321-SC-S10-CV - Filed April 30, 2013**

---

A law firm filed suit against a former partner and a former paralegal. Both former employees filed motions to compel arbitration. The trial court consolidated the cases and stayed discovery except as to the issue of whether the cases were subject to arbitration. Subsequently, the trial court ordered the parties to engage in mediation and to disclose "all necessary documents to conduct a meaningful attempt at resolution" despite the prior order limiting discovery. After the trial court denied their motion to vacate the order, the former partner and paralegal sought an extraordinary appeal to the Court of Appeals under Rule 10 of the Tennessee Rules of Appellate Procedure, which was denied. We granted extraordinary appeal. We hold that the trial court erred in ordering discovery without limiting the scope of discovery to the issue of arbitrability, in contravention of the unambiguous language of the Tennessee Uniform Arbitration Act, and erred in referring the parties to mediation in an effort to resolve all issues. We vacate the order of the trial court, and we remand the case to the trial court for a determination on the motions to compel arbitration.

**Tenn. R. App. P. 10 Extraordinary Appeal by Permission;**
**Judgment of the Chancery Court Vacated;**
**Case Remanded to the Chancery Court for Shelby County**

JANICE M. HOLDER, J., delivered the opinion of the Court, in which GARY R. WADE, C.J., and CORNELIA A. CLARK, WILLIAM C. KOCH, JR., and SHARON G. LEE, JJ., joined.

Adam Jacob Eckstein, David Clark Wade, and Matthew Paul Gabriel, Memphis, Tennessee, for the appellants, B. J. Wade and Shannon Crowe.

John A. Day and R. Burke Keaty II, Brentwood, Tennessee, for the appellee, Glassman, Edwards, Wyatt, Tuttle & Cox, P.C.

# OPINION

## I. Facts and Procedural History

Glassman, Edwards, Wyatt, Tuttle & Cox, P.C. ("the Firm") filed two separate lawsuits alleging fraud and breach of fiduciary duty against its former partner, B. J. Wade, and a former paralegal, Shannon Crowe, in the Chancery Court for Shelby County. Mr. Wade and Ms. Crowe each filed a motion to dismiss or, in the alternative, to compel arbitration as required by an agreement between the parties in accordance with the Tennessee Uniform Arbitration Act ("the TUAA"). See Tenn. Code Ann. §§ 29-5-301 to -320 (2012). Both Mr. Wade and Ms. Crowe attached an unsigned employment agreement, and Mr. Wade attached an executed Shareholder's Agreement to the motions. Mr. Wade and Ms. Crowe contend that both agreements compel arbitration. The Firm, however, contends that the Shareholder's Agreement is void based on lack of mutual assent and fraud in the inducement and that the validity of the agreement must first be determined. In addition, the Firm contends that the employment agreements, which also require arbitration, cannot be enforced because neither Mr. Wade nor Ms. Crowe have produced an executed agreement. The parties did participate in mediation as a condition precedent to arbitration, but the mediation was unsuccessful.

Mr. Wade and Ms. Crowe also filed motions to stay discovery pending the resolution of the motions to dismiss or compel arbitration. The Chancery Court consolidated the two cases and ordered that discovery be stayed except as to the issue of whether the cases were subject to arbitration.

During the discovery process, the parties disagreed as to the scope of discovery, and the Firm filed a motion to compel discovery of certain documents and information. The Chancery Court conducted a hearing and ordered the parties to disclose "all necessary documents to conduct a meaningful attempt at resolution of this matter in accordance with . . . Rule 31" without limiting discovery to the issue of arbitrability and further ordered the parties to engage in mediation as to all aspects of their dispute.[1]

---

[1] Tennessee Supreme Court Rule 31, section (b) provides in pertinent part:

Upon motion of either party, or upon its own initiative, a court, by Order of Reference, may order the parties to an Eligible Civil Action to participate in a Judicial Settlement Conference or Mediation.

Mr. Wade and Ms. Crowe moved the Chancery Court to vacate its order[2] or, in the alternative, to grant them permission to file an interlocutory appeal under Tennessee Rule of Appellate Procedure 9. The Chancery Court denied the motion. Mr. Wade and Ms. Crowe sought an extraordinary appeal to the Court of Appeals under Rule 10 of the Tennessee Rules of Appellate Procedure, which was denied. We granted extraordinary appeal.[3]

## II. Analysis

At issue in this case is whether the trial court erred in ordering discovery as to all aspects of the parties' disputes and in referring the parties to mediation prior to ruling on the motions to compel arbitration filed by Mr. Wade and Ms. Crowe.

Arbitration agreements are favored in Tennessee by both statute and case law. Benton v. Vanderbilt Univ., 137 S.W.3d 614, 617 (Tenn. 2004). The TUAA governs the extent of judicial involvement in the arbitration process. See Arnold v. Morgan Keegan & Co., 914 S.W.2d 445, 447-48 (Tenn. 1996). The interpretation of the TUAA and its application to the facts of this case are issues of law, which we review de novo. See Larsen-Ball v. Ball, 301 S.W.3d 228, 232 (Tenn. 2010). Our role in interpreting a statute is to give the statute the effect the legislature intended without expanding or restricting the intended scope. City of Harriman v. Roane Cnty. Election Comm'n, 354 S.W.3d 685, 689 (Tenn. 2011). If the statutory language is unambiguous, we will interpret the words according to their plain and ordinary meaning. State v. Marshall, 319 S.W.3d 558, 561 (Tenn. 2010).

The TUAA establishes that written agreements to arbitrate are "valid, enforceable and irrevocable save upon such grounds as exist at law or in equity for the revocation of any contract." Tenn. Code Ann. § 29-5-302(a). By enacting the TUAA, the legislature has adopted a policy favoring the enforcement of arbitration agreements. Buraczynski v. Eyring, 919 S.W.2d 314, 317-18 (Tenn. 1996).

---

[2] Rule 31, section 3(c) provides in pertinent part:

Any Order of Reference made on the court's own initiative shall be subject to review on motion by any party and shall be vacated should the court determine in its sound discretion that the referred case is not appropriate for [Alternative Dispute Resolution] or is not likely to benefit from submission to [Alternative Dispute Resolution].

[3] Rule 10 of the Tennessee Rules of Appellate Procedure provides that an extraordinary appeal may be granted when "the lower court has so far departed from the accepted and usual course of judicial proceedings as to require immediate review" or if review is "necessary for complete determination of the action on appeal as otherwise provided in these rules."

The parties disagree as to whether arbitration should be enforced in this case. The TUAA provides instruction to the trial court when an "opposing party denies the existence of the agreement to arbitrate." Tenn. Code Ann. § 29-5-303(a). The statute requires the court to "proceed summarily" to a determination of whether arbitration is required. Tenn. Code Ann. § 29-5-303(a), (b). The TUAA also provides that when an application to enforce arbitration has been made, the trial court must issue a stay for "any action or proceeding involving an issue subject to arbitration." Tenn. Code Ann. § 29-5-303(d).[4]

The purpose of arbitration is to promote the settlement of disputes without judicial involvement. Arnold, 914 S.W.2d at 448 n.2. The TUAA effectuates this purpose by limiting the authority of a trial court to conduct proceedings on the merits prior to determining whether arbitration should be enforced. The language of the TUAA clearly and unambiguously instructs courts to determine whether arbitration is required before delving

---

[4] Tennessee Code Annotated section 29-5-303 provides in its entirety:

(a) On application of a party showing an agreement described in § 29-5-302, and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration, but if the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue so raised and shall order arbitration if found for the moving party; otherwise, the application shall be denied.

(b) On application, the court may stay an arbitration proceeding commenced or threatened on a showing that there is no agreement to arbitrate. Such an issue, when in substantial and bona fide dispute, shall be forthwith and summarily tried and the stay ordered if found for the moving party. If found for the opposing party, the court shall order the parties to proceed to arbitration.

(c) If an issue referable to arbitration under the alleged agreement is involved in an action or proceeding pending in a court having jurisdiction to hear applications under subsection (a), the application shall be made therein. Otherwise and subject to § 29-5-318, the application may be made in any court of competent jurisdiction.

(d) Any action or proceeding involving an issue subject to arbitration shall be stayed if an order for arbitration or an application therefor has been made under this section or, if the issue is severable, the stay may be with respect thereto only. When the application is made in such action or proceeding, the order for arbitration shall include such stay.

(e) An order for arbitration shall not be refused on the ground that the claim in issue lacks merit or bona fides or because any fault or grounds for the claim sought to be arbitrated have not been shown.

into the merits of the case.[5] Discovery is appropriate if it is limited to matters raised in the motion to compel arbitration. The trial court, however, must stay all other proceedings, including discovery unrelated to the issue of arbitrability.

The TUAA also limits the trial court's authority to order Rule 31 mediation on the merits of an issue that is subject to an arbitration agreement. When the parties have deemed arbitration to be the chosen method of alternative dispute resolution, the dispute is governed by the TUAA rather than Tennessee Supreme Court Rule 31. See Tuetken v. Tuetken, 320 S.W.3d 262, 269 (Tenn. 2010). The TUAA explicitly confers jurisdiction on the trial court to enforce the arbitration agreement and to enter judgment on the arbitration award. Tenn. Code Ann. § 29-5-302(b). The rules of the Tennessee Supreme Court cannot expand the scope of a trial court's jurisdiction to permit adjudication of matters over which it has no authority. See Haley v. Univ. of Tenn.-Knoxville, 188 S.W.3d 518, 522 (Tenn. 2006) ("[J]urisdiction of the subject matter is conferred by the constitution and statutes") (quoting Kane v. Kane, 547 S.W.2d 559, 560 (Tenn. 1977)); see also Tenn. Code Ann. § 16-3-403 (2009) ("The rules prescribed by the supreme court . . . shall not abridge, enlarge or modify any substantive right, and shall be consistent with the constitutions of the United States and Tennessee.").

In this case, the trial court erred in ordering discovery on all aspects of the parties' disputes and in further ordering the parties to mediation in an effort to resolve all disputes between the parties. On the limited record before us, it is apparent that the parties dispute the validity of the employment contracts and the Shareholder's Agreement executed by Mr. Wade.[6] The Firm contends that neither party executed employment agreements and that the arbitration clauses in those agreements are therefore unenforceable. The Firm also contends that the Shareholder's Agreement executed by Mr. Wade is not enforceable because it was

_____

[5] In support of their contention that the trial court must stay discovery unrelated to the issue of arbitrability, Mr. Wade and Ms. Crowe have cited Benjamin K. Byrd et al., Recent Developments: The Uniform Arbitration Act, 1998 J. Disp. Resol. 233, 245 (1998) (citing Southeast Drilling & Blasting Servs., Inc. v. BRS Constr. Co., No. 01A01-9706-CH-00272, 1997 WL 399387, at *2 (Tenn. Ct. App. July 16, 1997)). We note that Southeast Drilling is a "Memorandum Opinion" as described by Tennessee Court of Appeals Rule 10. This rule allows the Court of Appeals, with the concurrence of all judges participating in the case, to affirm, reverse, or modify the actions of the trial court by memorandum opinion when the Court of Appeals concludes a formal opinion would have no precedential value. See Tenn. Ct. App. R. 10. Rule 10 provides that "[w]hen a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case." In accordance with Rule 10, we decline to cite or rely on Southeast Drilling in deciding this case.

[6] The "record" in this case consists of the briefs filed by the parties and appendices to those briefs, in which copies of pleadings, deposition transcripts, hearing transcripts, and other documents are provided.

based on lack of mutual assent and fraud in the inducement. Mr. Wade, on the other hand, contends that the Firm has participated in the mediation that was a condition precedent to arbitration and therefore has acknowledged the validity of the Shareholder's Agreement and its arbitration provision. On remand, the trial court shall determine whether arbitration was required of any dispute between the parties under any of the contracts that are at issue and shall limit discovery to those issues.

## III. Conclusion

We vacate the order of the Chancery Court. On remand, the trial court shall determine whether one or more of the agreements at issue require arbitration and shall limit discovery to the issue of whether the arbitration clause should be enforced. Costs of this appeal are taxed to Glassman, Edwards, Wyatt, Tuttle & Cox, P.C., and its surety, for which execution may issue if necessary.

_____
JANICE M. HOLDER, JUSTICE