# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### February 3, 2014 Session

## FELISHA BROWN ET AL. V. KAREN L. SAMPLES ET AL.

**Interlocutory Appeal from the Claims Commission
of the State of Tennessee, Eastern Division
No. T20120921        William O. Shults, Commissioner**

---

**No. E2013-00799-COA-R9-CV-FILED-APRIL 29, 2014**

---

This is a medical malpractice[1] action brought against the State of Tennessee and others. The issue as to the appealing State is whether the plaintiffs complied with the pre-suit notice requirements of Tenn. Code Ann. § 29-26-121 (2012 & Supp. 2013). The State argues that the plaintiffs were required to send the pre-suit notice applicable to their claim against the State to either (1) the Attorney General of Tennessee or an Assistant Attorney General, or (2) the Division of Claims Administration of the State. The Tennessee Claims Commission denied the State's motion to dismiss, finding (1) no statutory authority requiring that pre-suit notice as to the State be served upon one of the parties alluded to by the State, and (2) that the State received adequate pre-suit notice in this case. We affirm and hold that the plaintiffs complied with Section 121's pre-suit notice requirements by providing notice to the University of Tennessee Graduate School of Medicine, a health care provider, which entity is a division of an agency of the State of Tennessee and also a named defendant in this case.

**Tenn. R. App. P. 9 Interlocutory Appeal by Permission; Judgment of the Claims
Commission Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., C.J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and THOMAS R. FRIERSON, II, JJ., joined.

Joshua R. Walker, Knoxville, Tennessee, for the appellant, State of Tennessee.

---

[1]The legislature amended Tenn. Code Ann. § 29-26-121 to replace the term "medical malpractice" with "health care liability" effective April 23, 2012. See Act of April 23, 2012, ch. 798, 2012 Tenn. Pub. Acts. The complaint at issue here – in the form of a notice of claim filed with the Division of Claims Administration pursuant to Tenn. Code Ann. § 9-8-307 and -402 – was filed Feb. 9, 2012. In this opinion, we will refer to the statute as it existed on the date the complaint was filed.

Robert E. Pryor, Jr., Knoxville, Tennessee, for the appellees, Felisha Brown and Donald Brown, individually and as parents and next of kin of Silas Brown, deceased.

**OPINION**

I.

On October 13, 2010, plaintiff Felisha Brown went into labor at the University of Tennessee Medical Center ("UTMC"). According to the complaint, plaintiffs' infant son Silas Brown died during or shortly after delivery as a result of the medical negligence of the defendants. On April 25, 2011, plaintiffs, seeking to comply with Tenn. Code Ann. § 29-26-121, provided pre-suit notice to the following defendants: (1) Dr. Karen Samples, who, according to the complaint, "practiced at [UTMC] as a medical resident and/or as a fellow practicing obstetrics and gynecology under the auspices of the University of Tennessee Graduate School of Medicine and University Health System, Inc."; (2) the University of Tennessee Graduate School of Medicine; (3) UTMC; (4) Dr. Nirmala Upadhyaya, allegedly employed by University Obstetrics and Gynecology, who monitored and supervised the labor and also the medical resident, Dr. Samples; (5) University Obstetrics and Gynecology; and (6) University Health System dba University of Tennessee Medical Center. On July 19, 2011, plaintiffs sent a second set of pre-suit notices to the above defendants, and also to Dr. Mark Hennessy and High Risk Obstetrical Consultants, LLC.

On February 9, 2012, plaintiffs filed a notice of claim with the Division of Claims Administration pursuant to Tenn. Code Ann. § 9-8-307 and -402 (2012), in the form of a complaint that complied with Tennessee Rules of Civil Procedure 8 and 10 ("the complaint"). Named as defendants were Dr. Samples, a State employee; the UT Graduate School of Medicine, a division of an agency of the State; and the State of Tennessee.[2] Plaintiffs filed, with the complaint, a certificate of good faith as required by Tenn. Code Ann. § 29-26-122 (2012 & Supp. 2013). The complaint was filed one year and 119 days after the alleged malpractice. Plaintiffs relied upon the 120-day extension of the one-year statute of limitation provided by Tenn. Code Ann. § 29-26-121(c) for a plaintiff who provides pre-suit notice under the statutory scheme set forth in Section 121.[3]

---

[2]Plaintiffs also filed a medical malpractice complaint in the Circuit Court for Knox County against Dr. Upadhyaya, University Obstetrics and Gynecology, Dr. Samples, University Health System dba UTMC, Dr. Hennessy, and High Risk Obstetrical Consultants, LLC. Attached to this complaint was a certificate of good faith as required by Tenn. Code Ann. § 29-26-122.

[3]Tenn. Code Ann. § 29-26-121(c) provides that "[w]hen notice is given to a provider as provided in this section, the applicable statutes of limitations and repose shall be extended for a period of one hundred twenty (120) days from the date of expiration of the statute of limitations and statute of repose applicable to that provider."

On May 9, 2012, plaintiffs' claim was transferred from the Division of Claims Administration to the Tennessee Claims Commission, pursuant to Tenn. Code Ann. § 9-8-402(c).[4]  On July 12, 2012, the State filed a motion to dismiss on the ground that plaintiffs had not provided pre-suit notice to the State as required by Section 121, and that plaintiffs were therefore not entitled to the 120-day extension of the statute of limitation and thus their action was time-barred.  The Claims Commission denied the motion, holding that plaintiffs complied with Section 121's pre-suit notice requirements, and, in the alternative, that extraordinary cause existed to excuse the plaintiffs' failure to comply with the requirements of the statute if there was any such failure.  *See* Tenn. Code Ann. § 29-26-121(b) ("The court has discretion to excuse compliance with this section only for extraordinary cause shown.").  The State filed a motion for an interlocutory appeal pursuant to Tenn. R. App. P. 9, which the Commission granted.  Subsequently, we granted the State's timely filed application with us.

II.

The sole issue on this appeal is whether the Claims Commission correctly held that plaintiffs complied with the pre-suit notice requirements of Tenn. Code Ann. § 29-26-121 as it pertains to plaintiffs' claim against the State of Tennessee.

III.

There are no disputed facts relative to this appeal.  "The trial court's denial of [d]efendants' motions to dismiss involves a question of law, and, therefore, our review is *de novo* with no presumption of correctness."  **Stevens ex rel. Stevens v. Hickman Cmty. Health Care Servs., Inc.**, No. M2012-00582-SC-SO9-CV, 2013 WL 6158000 at *2 (Tenn., filed Nov. 25, 2013) (citing **Graham v. Caples**, 325 S.W.3d 578, 581 (Tenn. 2010)).  In **Stevens**, the Supreme Court, construing Tenn. Code Ann. § 29-26-121, observed the following general principles:

> [W]e must interpret the meaning of various provisions of Tenn. Code Ann. § 29-26-121.  Statutory interpretation is a question of law, which we review *de novo*.  **Pratcher v. Methodist Healthcare Memphis Hospitals**, 407 S.W.3d 727, 734 (Tenn. 2013).  When interpreting a statute, our role is to ascertain and

---

[4]Tenn. Code Ann. § 9-8-402(c) provides that "[t]he division of claims administration shall investigate every claim and shall make every effort to honor or deny each claim within ninety (90) days of receipt of the notice. . . . If the division fails to honor or deny the claim within the ninety-day settlement period, the division shall automatically transfer the claim to the administrative clerk of the claims commission."

effectuate the legislature's intent. ***Sullivan ex rel. Hightower v. Edwards Oil Co.***, 141 S.W.3d 544, 547 (Tenn. 2004). We must not broaden or restrict a statute's intended meaning. ***Garrison v. Bickford***, 377 S.W.3d 659, 663 (Tenn. 2012) (quoting ***U.S. Bank, N A. v. Tenn. Farmers Mut. Ins. Co.***, 277 S.W.3d 381, 386 (Tenn. 2009)). We also presume that the legislature intended to give each word of the statute its full effect. ***In re Estate of Trigg***, 368 S.W.3d 483, 490 (Tenn. 2012). When statutory language is unambiguous, we accord the language its plain meaning and ordinary usage. ***Glassman, Edwards, Wyatt, Tuttle & Cox, P.C. v. Wade***, 404 S.W.3d 464, 467 (Tenn. 2013). Where the statutory language is ambiguous, however, we consider the overall statutory scheme, the legislative history, and other sources. ***Mills v. Fulmarque, Inc.***, 360 S.W.3d 362, 368 (Tenn. 2012); ***Colonial Pipeline Co. v. Morgan***, 263 S.W.3d 827, 836 (Tenn. 2008).

2013 WL 6158000 at *2.

IV.

The statute formerly known as the Medical Malpractice Act, and currently called the Health Care Liability Act, contains a number of procedural requirements that a plaintiff must satisfy to bring an action against a health care provider. Among these "hurdles" is the pre-suit notice requirements of Tenn. Code Ann. § 29-26-121(a), which statute provides, in pertinent part, as follows:

> (a)(1) Any person . . . asserting a potential claim for health care liability shall give written notice of the potential claim *to each health care provider that will be a named defendant* at least sixty (60) days before the filing of a complaint based upon health care liability in any court of this state.
>
> (2) The notice shall include:
>
> (A) The full name and date of birth of the patient whose treatment is at issue;
> (B) The name and address of the claimant authorizing the notice and the relationship to the patient, if the notice is not sent by the patient;

-4-

(C) The name and address of the attorney sending the notice, if applicable;

(D) A list of the name and address of all providers being sent a notice; and

(E) A HIPAA compliant medical authorization permitting the provider receiving the notice to obtain complete medical records from each other provider being sent a notice.

(3) The requirement of service of written notice prior to suit is deemed satisfied if, within the statutes of limitations and statutes of repose applicable to the provider, one of the following occurs, as established by the specified proof of service, which shall be filed with the complaint:

(A) Personal delivery of the notice to the health care provider . . . ; or

(B) Mailing of the notice:

(i) To an individual health care provider at both the address listed for the provider on the Tennessee department of health web site and the provider's current business address, if different from the address maintained by the Tennessee department of health; . . . or

(ii) To *a health care provider* that is a corporation or other business entity at both the address for the agent for service of process, and the provider's current business address, if different from that of the agent for service of process; provided, that, if the mailings are returned undelivered from both addresses, then, within five (5) business days after receipt of the second undelivered letter, the notice shall be mailed in the specified manner to the provider's office or business address at the location where the provider last provided a medical service to the patient.

(4) Compliance with subdivision (a)(3)(B) shall be demonstrated by filing a certificate of mailing from the United States postal service stamped with the date of mailing and an affidavit of the party mailing the notice establishing that the specified notice

was timely mailed by certified mail, return receipt requested. A copy of the notice sent shall be attached to the affidavit. . . .

(b) If a complaint is filed in any court alleging a claim for health care liability, the pleadings shall state whether each party has complied with subsection (a) and shall provide the documentation specified in subdivision (a)(2). The court may require additional evidence of compliance to determine if the provisions of this section have been met. The court has discretion to excuse compliance with this section only for extraordinary cause shown.

(Emphasis added.) Regarding the eight named non-State defendants, all of whom received pre-suit notice, plaintiffs fully complied with all of the pre-suit notice requirements of Section 121.[5] The State's argument that plaintiffs' cause of action as to it must be dismissed with prejudice rests solely on its assertion that plaintiffs failed to provide *effective* pre-suit notice to the State. As previously noted, the State argues that plaintiffs must provide pre-suit notice to (1) either the Attorney General of Tennessee or an Assistant Attorney General, or (2) the Division of Claims Administration. Plaintiffs did not send pre-suit notice to any of these individuals/entity.

In a thorough 30-page order denying the State's motion, the Commission disagreed with the State's position. The Commission held, in pertinent part, as follows:

[I]t is clear that on April 25, 2011, notice was sent personally to the resident, Dr. Samples, to University Health System, Inc., a separate entity which now operates UTMC, as well as UTMC itself, to the University of Tennessee Graduate School of Medicine, . . . and to Dr. Upadhyaya who now contends, in a related Knox County Circuit Court action, that in December 2010 she too was a State employee and not a private practitioner . . .

\*       \*       \*

Nevertheless, the State argues that even though all of these individuals or entities received pre-suit notice at least 60 days

---

[5]Plaintiffs also complied with Tenn. Code Ann. § 29-26-122 by filing a certificate of good faith with their complaint.

before a Claim for Damages was filed with the Division, the requirements of Tenn. Code Ann. § 29-26-121 were not complied with. The State asserts that the notice should have been sent to . . . the Office of the Attorney General and Reporter and/or the Department of Treasury's Division of Claims Administration. The State reasons that these overwhelming efforts by [plaintiffs] to advise the State that a medical malpractice action was being seriously contemplated – because of the actions of a young doctor which allegedly contributed to the death of a newborn baby – were inadequate and failed to gain [plaintiffs] the additional 120 days for filing suit authorized by Tenn. Code Ann. § 29-26-121(c).

\* \* \*

We believe the State's position fails to properly acknowledge the overwhelming evidence that the State had more than adequate pre-suit notice that this claim was going to be filed and that consequently [plaintiffs'] case was filed within the statute of limitations.

\* \* \*

[I]t seems more then disingenuous for the State to argue in this case that the pre-suit notice was defective when in fact it was received by Dr. Samples, the resident physician and a state employee; Dr. Howard[,] the chief of the Obstetrics and Gynecology Department at UTMC, also an employee of the state; by Drs. Upadhyaya and Hennessy, who for we believe are obvious reasons are now claiming in the Circuit Court that they were also employees of the state on October 13, 2010; by Mr. Keeting, the Risk Officer for UHS, whose offices are housed in the same building as those of the Graduate School of Medicine; by the UTMC and finally, by the University of Tennessee Graduate School of Medicine[.]

\* \* \*

The efforts of [plaintiffs'] counsel here have not obfuscated the purposes behind either the Medical Malpractice Act or the

-7-

Tennessee Claims Commission Act. The "essence" of Tenn. Code Ann. § 29-26-121 is not to authorize dismissal of a claim such as this because, as the State argues, service of pre-suit notice should have been made on the Attorney General (or one of his assistants) or the Division. *The State has identified no statutory or administrative regulation identifying either of those offices as the required recipient of pre-suit notice at the time this claim was instituted.*

\* \* \*

[I]t is clear to this Commission that with regard to the Medical Malpractice Act alone, there were serious unresolved procedural issues in the area of medical malpractice cases filed against governmental entities which motivated the Legislature in its 2011 Session to proclaim clearly for the first time in Tenn. Code Ann. § 29-26-102(c) that indeed the 2008 and 2009 amendments to the Act did apply in cases brought against such entities – including the State – because of the alleged actions of State-employed medical providers and institutions. Governor Haslam signed that legislation into law on June 16, 2011, but it is effective **only** for causes of action accruing on or after October 1, of that year. That same legislation, in Tenn. Code Ann. § 29-26-101(2), also made it clear that medical resident physicians, such as Dr. Samples, are healthcare providers under the definitional provisions of the Medical Malpractice Act and thus entitled to receive [pre-suit notice].

These [plaintiffs] in April and July 2011 were in the difficult situation of not knowing exactly when and what they were required to do under the Medical Malpractice and Claims Commission Acts, read in tandem, in a case where their cause of action accrued on October 13, 2010, well before the clarifying legislation which went into effect on October 1, 2011.

\* \* \*

Finally, *nowhere in either the Tennessee Claims Commission Act or the Medical Malpractice Act, or any implementing legislation, was a potential claimant informed that the proper*

-8-

*method of giving pre-suit notice under Tenn. Code Ann. § 29-26-121 was either to serve the Attorney General and/or the Division.* The State now advises that it will not raise defenses such as the one now before the Commission if pre-suit notice is sent to either or both of those offices. *However, any claimant seeking to find such a directive in April or July 2011 would have been unsuccessful since it simply did not exist.*

\* \* \*

In closing, we feel confident in finding that the General Assembly never intended that the amendments to the Medical Malpractice Act would completely strip away the rights of Tennessee citizens, who might have legitimate medical malpractice claims, because of some minor and hyper-technical error in initiating such a claim. Surely, that is not the intent of our elected representatives.

\* \* \*

In light of the reasons discussed above, we find categorically that the [plaintiffs] have complied not only with the legislative intent behind Tenn. Code Ann. § 29-26-121 but also with its specific requirements, and that the Defendant State was afforded, through numerous avenues, more than adequate notice that this claim might be filed. The State has suffered no prejudice whatsoever under either the Claims Commission Act or the Medical Malpractice Act in the manner in which pre-suit notice was given and accordingly, this is a perfect example of why, in situations such as this, the General Assembly did not mandate, as it did with the failure to meet the Certificate of Good Faith requirement, dismissal of the claim.

(Emphasis added; bold font in original.)

The applicable subsection of Section 121 in this case provides that notice must be given "[t]o a health care provider that is a corporation or other business entity at both the address for the agent for service of process, and the provider's current business address, if different from that of the agent for service of process." Tenn. Code Ann. § 29-26-121(a)(3)(B)(ii). As already stated, the State argues that its agent for service of process for

the purpose of the pre-suit notice requirements in a medical malpractice case is the Attorney General or an Assistant Attorney General. The sole authority cited by the State for this proposition is Tenn. R. Civ. P. 4.04(6), which provides as follows:

> The plaintiff shall furnish the person making the service with such copies of *the summons and complaint* as are necessary. Service shall be made as follows:
>
>          *        *        *
>
> (6) Upon the state of Tennessee or any agency thereof, by delivering a copy of *the summons and of the complaint* to the attorney general of the state or to any assistant attorney general.

(Emphasis added). As is readily seen, however, Rule 4.04, by its own clear terms, applies to *the service of a summons and complaint in a lawsuit.* It does not address the concept of pre-suit notice in a medical malpractice action. Moreover, the Claims Commission Rules, Tenn. Comp. R. & Regs. 0310-01-01-.01, provide as follows:

> Proceedings before the Tennessee Claims Commission shall be conducted pursuant to the Tennessee Rules of Civil Procedure (TRCP) and subsequent amendments and interpretations where applicable except where specifically modified by these rules. Modifications are:
>
>          *        *        *
>
> (2) *TRCP Rule 3 is not followed.* The following language is substituted in its place:
>
> COMMENCING A CLAIM AND PROCEDURE[6]
>
> Claims before the Commission are commenced in the manner described in T.C.A. §§ 9-8-301 et seq. and 401 et seq. especially 402.
>
> (a) TAX CLAIMS – COMMENCED

---

[6]It is not disputed that plaintiffs followed the procedures required by the Tennessee Claims Commission Act for commencing an action in the Division of Claims Administration.

Claims for taxes paid under protest are commenced by filing an original complaint and two copies with the Clerk of the Tennessee Claims Commission.

(b) ALL OTHER CLAIMS – COMMENCED
All other actions are commenced by filing a written notice of claim (see T.C.A. § 9-8-402 for requirements) with the Division of Claims Administration.

(c) FROM THE DIVISION OF CLAIMS ADMINISTRATION TO THE CLAIMS COMMISSION:
A claim proceeds from the Division of Claims Administration to the Claims Commission after the time periods set out in T.C.A. § 9-8-402(c) by either transfer from the Division of Claims Administration (no action required by claimant) or by filing with the Claims Commission (claimant is required to act) within the time limit set out in T.C.A. § 9-8-402(c).

\* \* \*

(3) *TRCP Rule 4* - Committee Comment: *The rule on summons is retained for use by the state when bringing in third parties, and the like. The summons is not used by original claimants.*

(Footnote and emphasis added; capitalization in original.) Tenn. R. Civ. P. 3, which "is not followed" in actions filed with the Division of Claims Administration pursuant to the above regulation, provides that "[a]ll civil actions are commenced by filing a complaint with the clerk of the court." The State further argues that Tenn. Comp. R. & Regs., ch. 0310-01-01-.01 establishes an "alternate" agent for service of process of pre-suit notice, *i.e.*, that a claimant may also satisfy the requirements of Tenn. Code Ann. § 29-26-121(a)(3)(B)(ii) to mail notice to the agent for service of process by sending pre-suit notice to the Division of Claims Administration. There is nothing in the language of the regulation that says this, or that discusses the concept of pre-suit notice in a medical malpractice action, or that establishes an agent for the State to accept service of process.

Similarly, there is no provision in the Medical Malpractice (currently Health Care Liability) Act that addresses the issue of who is the proper agent for service of process upon the State for providing pre-suit notice of a medical malpractice action. The Commission correctly held that, at the time plaintiffs' cause of action accrued, the applicable statutory scheme contained no requirement that pre-suit notice be provided to the Attorney General

-11-

or an Assistant Attorney General, or the Division of Claims Administration. The Act *does* require pre-suit notice "[t]o *a health care provider* that is a corporation or other business entity at both the address for the agent for service of process, and the provider's current business address, if different from that of the agent for service of process." Tenn. Code Ann. § 29-26-121(a)(3)(B)(ii) (emphasis added). At the time plaintiffs' action accrued, "health care provider" was not defined.[7] Plaintiffs mailed pre-suit notice to the University of Tennessee Graduate School of Medicine, which, according to the State's brief, is a division of an agency of the State of Tennessee.

In *Hinkle v. Kindred Hospital*, No. M2010-02499-COA-R3-CV, 2012 WL 3799215 at *6 (Tenn. Ct. App. M.S., filed Aug. 31, 2012) (*perm. app. denied*, Dec. 10, 2013), this Court recently addressed an argument similar to the State's assertion here, *i.e.*, that pre-suit notice was defective because of a failure to mail it to a defendant's agent for service of process. Rejecting this argument, we stated:

---

[7]The General Assembly subsequently amended the Medical Malpractice Act in 2011 to provide as follows:

> (1) "Health care liability action" means any civil action, *including claims against the state or a political subdivision thereof*, alleging that a health care provider or providers have caused an injury related to the provision of, or failure to provide, health care services to a person, regardless of the theory of liability on which the action is based;
>
> (2) "Health care provider" means:
>
> (A) A health care practitioner licensed, authorized, certified, registered, or regulated under any chapter of title 63 or title 68, *including, but not limited to, medical resident physicians, interns, and fellows participating in a training program of one of the accredited medical schools* or of one of such medical school's affiliated teaching hospitals in Tennessee;
>
> (E) . . . or *any legal entity that is not itself required to be licensed but which employs one or more health care practitioners licensed, authorized, certified, registered, or regulated* under any chapter of title 63 or title 68.

*See* Act of May 20, 2011, ch. 510, § 8, 2011 Tenn. Pub. Acts. 510, 1506 (codified as amended at Tenn. Code Ann. § 29-26-101(a) (2012)) (emphasis added). The 2011 amendment became effective on October 1, 2011. The Supreme Court has observed that "the 2011 amendment does not apply retroactively[.]" *Cunningham v. Williamson Cnty. Hosp. Dist.*, 405 S.W.3d 41, 45 n.2 (Tenn. 2013).

As another example of Ms. Hinkle's failure to strictly comply with each provision of the notice statute, the hospital points out that the notice (the November 5, 2009 letter) was addressed to the administrator of the defendant hospital at the hospital's business address, but not to its agent for service of process, as is required by Tenn. Code Ann. § 29–26–121(a)(3)(B)(ii).

\* \* \*

In this case, the November 5 letter was sent to the hospital, which is the business address where Mr. Hinkle received the medical care that is the subject of the lawsuit. No objection was made to any alleged failure of service on the agent for service of process, and it is clear there was no confusion as to which entity was the anticipated defendant in any future lawsuit. The hospital received actual notice. It seems to us that the technical requirements in the statute are intended to provide just that: notice of the claim. Any arguments regarding the method of giving notice would be relevant where the defendant asserts no notice was received. They are not, however, where there is no dispute that the defendant received actual notice.

Accordingly, we conclude that Ms. Hinkle complied with the notice requirements of the statute as to the defendant hospital.

*Id.*, 2012 WL 3799215 at *6-7; *see also* **Haley v. State**, No. E2012-02484-COA-R3-CV, 2013 WL 5431998 at *1, *11 (Tenn. Ct. App. E.S., filed Sept. 25, 2013) (holding that "plaintiff complied with section 121(a)'s notice requirement by complying with the claim notice requirements of Tennessee Code Annotated section 9-8-402" and observing that "[t]he statute does not preclude proof [of pre-suit notice] by other means. The State had actual notice of the lawsuit months before the complaint was filed in the Claims Commission.").

Here, the Commission held that "the State had more than adequate pre-suit notice that this claim was going to be filed." We agree. Plaintiffs fully complied with Section 121's pre-suit notice requirements by mailing sufficient notice to the UT Graduate School of Medicine, an agent of the State and, arguably a "health care provider" under the statute. This holding comports with the interests of justice and avoids a harsh and unfair result. Tennessee courts have long recognized that the interests of justice are promoted by providing injured persons an opportunity to have their lawsuits heard and evaluated on the merits. The Supreme Court observed in 1937 that "[w]e have stated repeatedly that it is the policy of this

court to have controversies between litigants determined upon their merits." ***Fiske v. Grider***, 106 S.W.2d 553, 555 (Tenn. 1937); *see also* ***Henry***, 104 S.W.3d at 481 ("in the interests of justice, courts express a clear preference for a trial on the merits"); ***Henley v. Cobb***, 916 S.W.2d 915, 916 (Tenn. 1996) ("It is well settled that Tennessee law strongly favors the resolution of all disputes on their merits"); ***Childress v. Bennett***, 816 S.W.2d 314, 316 (Tenn. 1991) ("it is the general rule that courts are reluctant to give effect to rules of procedure which seem harsh and unfair, and which prevent a litigant from having a claim adjudicated upon its merits"); ***Tenn. Dep't of Human Servs. v. Barbee***, 689 S.W.2d 863, 866 (Tenn. 1985) ("the interests of justice are best served by a trial on the merits"); ***Stevens***, 2013 WL 6158000 at *8 (quoting and reaffirming general rule stated in ***Childress***). As fully discussed herein, nothing in the Medical Malpractice Act or the Claims Commission Act requires the dismissal of plaintiffs' case before its merits can be evaluated and before the State has even filed an answer.

The State relies upon ***Shockley v. Mental Health Cooperative, Inc.***, No. M2013-00494-COA-R3-CV, 2013 WL 5947764 (Tenn. Ct. App. W.S., filed Nov. 4, 2013). In ***Shockley***, the Western Section of this Court affirmed the dismissal of the plaintiffs' complaint for failure to comply with the pre-suit notice requirements where the plaintiffs sent pre-suit notice to "the Mental Health Cooperative Foundation, Inc." instead of the correct defendant, "the Mental Health Cooperative, Inc." ***Id.*** at *2. The ***Shockley*** Court stated that "[h]ere, it is undisputed that the Foundation was neither a health care provider, nor was the Foundation a proper defendant to this lawsuit." ***Id.*** at *6. We concluded, "[w]hile we recognize that this holding produces a harsh result, we are constrained by the plain language of the Tennessee Medical Malpractice Act to affirm the trial court's dismissal of this action." ***Id.*** at *11. We are not so constrained in this case, however, for ***Shockley*** is distinguishable and inapposite. Here, the UT Graduate School of Medicine is a health care provider, a proper defendant, and an agent of the State. Moreover, the State received pre-suit notice in a timely manner in this case. Consequently, plaintiffs were entitled to the 120-day extension of the statute of limitations pursuant to Tenn. Code Ann. § 29-26-121(c), and their complaint was timely filed.

The Claims Commission ruled, in the alternative, that plaintiffs demonstrated extraordinary cause to excuse any failure to comply with Section 121. The Commission opined as follows:

> [W]ith regard to the Medical Malpractice Act, . . . there were serious unresolved procedural issues in the area of medical malpractice cases filed against governmental entities[.]

*     *     *

-14-

[N]owhere in either the Tennessee Claims Commission Act or the Medical Malpractice Act, or any implementing regulation, was a potential claimant informed that the proper method of giving pre-suit notice under Tenn. Code Ann. § 29-26-121 was either to serve the Attorney General or the Division. . . . [A]ny claimant seeking to find such a directive in April or July 2011 would have been unsuccessful since it simply did not exist.

This unsettled, uncharted, and evolving state of the law at the time the Browns were required to initiate this very serious medical malpractice action constitutes the sort of extraordinary cause provided for under Tenn. Code Ann. § 29-26-121(c) which warrants excusing any relatively minor technical flaws – if there were any – in the manner in which this litigation was commenced before the Claims Commission.

As the Commission correctly discerned, the state of the law on the question of how to serve Section 121 pre-suit notice on the State was unsettled, unclear, and potentially confusing. As the Commission further noted, there was no statutory or regulatory guidance on this issue at the time plaintiffs were required to provide pre-suit notice. We agree with and affirm the Commission's ruling that plaintiffs demonstrated extraordinary cause. We do so as an alternative holding to our primary decree that plaintiffs fully complied with Section 121.

V.

The judgment of the Tennessee Claims Commission is affirmed. Costs on appeal are assessed to the appellant, the State of Tennessee. This case is remanded to the Claims Commission, pursuant to applicable law, for further proceedings.

_____
CHARLES D. SUSANO, JR., CHIEF JUDGE