IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 2, 2020

## NEW PHASE INVESTMENTS LLC ET AL. v. ELITE RE INVESTMENTS LLC ET AL.

### Appeal from the Chancery Court for Shelby County
No. CH-19-0335    Walter L. Evans, Chancellor

_____

### No. W2019-00980-COA-R10-CV

_____

An internecine conflict led to a suit asserting breach of contract and a variety of torts. The defendants moved to compel arbitration, but the trial court deferred ruling on the motion. Instead, the court granted the plaintiff's request for a temporary injunction and ordered the parties to mediate their dispute. When the defendants refused to participate in mediation, the court held them in contempt. We granted the application of the defendants for an extraordinary appeal to determine whether the trial court erred in not proceeding summarily to the determination of whether there was an agreement to arbitrate. Upon review, we vacate the three orders issued after the motion to compel arbitration was filed and remand for the court to determine whether a valid agreement to arbitrate exists.

### Tenn. R. App. P. 10 Extraordinary Appeal; Judgment of the Chancery Court Vacated and Case Remanded

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and THOMAS R. FRIERSON II, J., joined.

Wesley J. Riddle, Collierville, Tennessee, for the appellants, Zack Fuelling and Elite RE Investments, LLC.

Alan G. Crone and Catherine C. Walsh, Memphis, Tennessee, for the appellee, New Phase Investments, LLC.

# OPINION

## I.

### A.

In 2012, brothers Earl and Zack Fuelling purchased The Villas, a distressed property in Memphis, Tennessee. The brothers transferred ownership of The Villas to South Beale Company, LLC ("South Beale"), a limited liability company created to own and operate the property. New Phase Investments, LLC ("NPI") and Elite RE Investments, LLC ("Elite") each owned a fifty percent interest in South Beale. Earl Fuelling was the sole member of NPI; Zack Fuelling was the sole member of Elite.

Two years later, the brothers purchased the Wilson Townhomes, another distressed Memphis property. They created a second limited liability company, Wilson Townhomes, LLC ("Wilson") to own and operate this property. As with South Beale, NPI and Elite owned Wilson.

The operating agreements for Wilson and South Beale were nearly identical. Both operating agreements vested control of the companies in the two member managers, who were required to make decisions by unanimous vote. Both members initially agreed to hire Nathaniel Robataille as asset director and Shawn Woods as accountant for Wilson and South Beale.

The members also agreed to settle all disputes through binding arbitration. The operating agreements provided as follows:

> 10.4. Arbitration of Disputes. Any dispute between Members(s) and/or Manager(s) and/or Managing Member(s) and/or Member Representative(s) and/or the Company shall be resolved only by arbitration. The governing authority shall be the Tennessee Arbitration Act(s).

After the first asset director proved ineffective, South Beale and Wilson entered a management agreement with Elite. Per the agreement, Elite performed management services, including the duties of asset director, for the two companies for a monthly fee. The members agreed that Shawn Woods would assist Elite and be compensated at a set rate. The management agreement also contained an arbitration clause, which provided:

> 7) **BREACH OR VIOLATION OF THIS AGREEMENT:** If there is any violation and/or breach of this Agreement by any party in this agreement . . . then any one party may at their discretion terminate this Agreement with notice in writing to the other Members, Managers, and Companies stating the exact details of the violation and/or breach. The

2

entity being accused on the breach or violation will have 30 days to respond and prove their case that they were not in violation. If the parties cannot agree then the plaintiff must set up binding arbitration within 14 days.

B.

On March 6, 2019, NPI, individually and on behalf of South Beale and Wilson, sued Elite, Zack Fuelling, and others for breach of the management agreement and the two operating agreements, breach of fiduciary duty, fraud, conversion, and unjust enrichment. Among other things, the complaint alleged that Zack Fuelling and Elite had mismanaged the companies, commingled funds, and dissipated company profits. The complaint sought injunctive relief, compensatory and punitive damages, and judicial dissolution of South Beale and Wilson. *See* Tenn. Code Ann. § 48-249-617 (2019).

NPI also filed a contemporaneous motion for a temporary restraining order and a temporary injunction. *See* Tenn. R. Civ. P. 65.01. According to NPI, Zack Fuelling and Elite were jeopardizing the continued viability of South Beale and Wilson by failing to properly manage the properties and by diverting property income into Memphis Management, LLC, another entity controlled by Zack Fuelling. NPI asked the court to (1) transfer control of South Beale and Wilson to NPI, (2) grant NPI the authority to appoint a new management company, (3) remove Zack Fuelling from the companies' bank accounts, (4) require an accounting, and (5) prohibit dissipation of company profits.[1] The court issued a temporary restraining order that same day. The restraining order prohibited further violations of the management and operating agreements and ordered Elite to cede control of South Beale and Wilson to NPI. The order also prohibited Zack Fuelling from withdrawing any company funds or writing checks on company accounts.

On March 15, Zack Fuelling and Elite filed a motion to compel arbitration and to stay the judicial proceedings pending the outcome of arbitration. NPI responded that the arbitration provisions were unenforceable because Elite had materially breached the underlying agreements. The court did not immediately address the arbitration issue. Instead, the court granted NPI a temporary injunction. The injunction essentially mirrored the temporary restraining order, with the following additional provisions:

> Zach [sic] Fuelling, Elite, and/or Memphis Management, LLC shall produce all documents evidencing accounts payable, accounts receivable, operating expenses or any funds expended for the South Beale or Wilson

---

[1] NPI also asked the court to order Elite and Zack Fuelling to place any funds received from the pending sale of a related property into a trust account.

3

Townhomes from January 1, 2017 to March 19, 2019 to Plaintiffs on or before April 22, 2019.

Zach [sic] Fuelling, Elite, and/or Memphis Management, LLC shall provide all electronic records and access to view all Memphis Management, LLC's bank accounts to Plaintiff on or before March 20, 2019.

NPI also asked the court to order mediation. *See* Tenn. R. Sup. Ct. 31 § 3(b). The court granted NPI's request and ordered the parties to mediate "all issues currently pending before the court" within fourteen days. The court expressly reserved ruling on the arbitration issue until after mediation.

Zack Fuelling and Elite refused to participate in mediation. And on April 24, they again sought a ruling on the arbitration issue. NPI responded with a motion for civil contempt for violation of the court's mediation order.[2]

After a hearing, the court found Elite and Zack Fuelling in willful contempt for their refusal to participate in mediation. The defendants were ordered to comply with the court's mediation order or pay a $100 fine for each day they were not in compliance. The court also denied the motion for an arbitration ruling.

**II.**

Zack Fuelling and Elite applied for an extraordinary appeal. *See* Tenn. R. App. P. 10. In granting their request, we limited our review to the following issue:

Whether the trial court failed to comply with Tennessee Code Annotated section 29-5-303 when it did not stay the proceeding pending adjudication of the motion for arbitration and did not "proceed summarily" to address the question of arbitration.

*See Culbertson v. Culbertson*, 455 S.W.3d 107, 127 (Tenn. Ct. App. 2014) (explaining that the issues on an extraordinary appeal "are limited to those specified in this court's order granting the extraordinary appeal").[3]

---

[2] NPI also asked the court to sanction Zack Fuelling and Elite for their failure to produce the financial documentation required by the temporary injunction.

[3] In their appellate briefs, the parties seek to raise additional issues. As this is not an appeal as of right, we confine our analysis to the issue specified in our order granting the extraordinary appeal. *See Heatherly v. Merrimack Mut. Fire Ins. Co.*, 43 S.W.3d 911, 914 (Tenn. Ct. App. 2000) (discussing differences between appeals as of right and extraordinary appeals).

The outcome of this appeal turns on Tennessee Code Annotated § 29-5-303, which is part of the Tennessee Uniform Arbitration Act. The Tennessee Uniform Arbitration Act "governs the extent of judicial involvement in the arbitration process." *Glassman, Edwards, Wyatt, Tuttle & Cox, P.C. v. Wade*, 404 S.W.3d 464, 466 (Tenn. 2013). Courts have the power to enforce arbitration agreements. Tenn. Code Ann. § 29-5-302(b) (2012). When one party to a lawsuit claims the dispute is subject to arbitration and the other party refuses to arbitrate,

> the court shall order the parties to proceed with arbitration, but if the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue so raised and shall order arbitration if found for the moving party; otherwise, the application shall be denied.

*Id.* § 29-5-303(a) (2012). At the same time, the trial court must stay "[a]ny action or proceeding involving an issue subject to arbitration." *Id.* § 29-5-303(d).

Here, Zack Fuelling and Elite asked the court to compel arbitration based on the arbitration provisions in the parties' agreements. NPI took the position that the arbitration provisions were unenforceable. At this juncture, the Tennessee Uniform Arbitration Act required the court to do two things—stay any proceedings involving an arbitrable issue and decide whether a valid agreement to arbitrate existed. The trial court did neither. As explained by our supreme court,

> The purpose of arbitration is to promote the settlement of disputes without judicial involvement. The TUAA effectuates this purpose by limiting the authority of a trial court to conduct proceedings on the merits prior to determining whether arbitration should be enforced. The language of the TUAA clearly and unambiguously instructs courts to determine whether arbitration is required before delving into the merits of the case.

*Glassman, Edwards, Wyatt, Tuttle & Cox, P.C.*, 404 S.W.3d at 467 (citations and footnotes omitted). The trial court had no authority to order mediation on the merits of an arbitrable issue.[4] *See id.* at 468. And the court compounded this error by finding Zack Fuelling and Elite in contempt of an unlawful order. *See Konvalinka v. Chattanooga-Hamilton Cty. Hosp. Auth.*, 249 S.W.3d 346, 355 (Tenn. 2008) ("A lawful order is one issued by a court with jurisdiction over both the subject matter of the case and the parties.").

---

[4] We find NPI's argument that the court ordered the parties to mediate the validity of the agreement to arbitrate unconvincing. The court expressly stated that the parties were to mediate "all issues currently pending before the court."

Despite the Tennessee statutory mandate, NPI asks this Court to leave the temporary injunction issued by the trial court in place, citing federal case law interpreting the Federal Arbitration Act. *See Performance Unlimited, Inc. v. Questar Publishers, Inc.*, 52 F.3d 1373, 1380 (6th Cir. 1995). We decline to do so because the Federal Arbitration Act does not govern in this circumstance.

While the Federal Arbitration Act and the Tennessee Uniform Arbitration Act have similar goals, they are not identical. *See Owens v. Nat'l Health Corp.*, 263 S.W.3d 876, 883 (Tenn. 2007) ("The question of whether the contract is governed by the state or federal arbitration act is not an academic one."); *Taylor v. Butler*, 142 S.W.3d 277, 282-83 (Tenn. 2004) (noting distinctions between the Federal Arbitration Act and the Tennessee Uniform Arbitration Act). The Federal Arbitration Act directs the trial court to "stay the trial of the action" pending the outcome of arbitration. 9 U.S.C.A. § 3 (2009). So federal courts have almost uniformly determined that the Federal Arbitration Act does not preclude the issuance of a preliminary injunction in appropriate circumstances. *See Toyo Tire Holdings of Ams. Inc. v. Cont'l Tire N. Am., Inc.*, 609 F.3d 975, 981 (9th Cir. 2010); *Performance Unlimited, Inc.*, 52 F.3d at 1380; *Ortho Pharm. Corp. v. Amgen, Inc.*, 882 F.2d 806, 811-14 (3d Cir. 1989); *Teradyne, Inc. v. Mostek Corp.*, 797 F.2d 43, 47-51 (1st Cir. 1986); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bradley*, 756 F.2d 1048, 1053-54 (4th Cir. 1985); *Roso-Lino Beverage Distribs., Inc. v. Coca-Cola Bottling Co. of New York*, 749 F.2d 124, 125 (2d Cir. 1984). *But see Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Hovey*, 726 F.2d 1286, 1292 (8th Cir. 1984) (ruling otherwise).

By contrast, the Tennessee Uniform Arbitration Act requires the trial court to stay "[a]ny action or proceeding involving an issue subject to arbitration." *See* Tenn. Code Ann. § 29-5-303(d). "Any action or proceeding" encompasses more than the trial on the merits. *See Action*, BLACK'S LAW DICTIONARY (11th ed. 2019) (defining "action" as "[a] civil or criminal judicial proceeding"); *Proceeding*, BLACK'S LAW DICTIONARY (11th ed. 2019) (defining "proceeding" as "[t]he regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment"). "Proceeding" is a comprehensive term that "'include[s] in its general sense all the steps taken or measures adopted in the prosecution or defense of an action.'" *Proceeding*, BLACK'S LAW DICTIONARY (11th ed. 2019) (quoting EDWIN E. BRYANT, THE LAW OF PLEADING UNDER THE CODES OF CIVIL PROCEDURE 3-4 (2d ed. 1899)). Under Tennessee law, the court may address non-arbitrable issues but only if the non-arbitrable issues are severable from the issues subject to arbitration. *See* Tenn. Code Ann. § 29-5-303(d).

We conclude that the trial court erred in deferring decision on the motion to compel arbitration and in failing to stay any proceeding involving an arbitrable issue. So we vacate the order granting a temporary injunction, the mediation order, and the civil

6

contempt ruling. On remand, the trial court should determine whether a valid agreement to arbitrate exists. *See Taylor*, 142 S.W.3d at 283-84 (explaining that the trial court is permitted to determine whether an arbitration agreement is valid "before submitting the remainder of the dispute to arbitration"). If so, the court must enforce it. The court must also stay any proceedings that involve an issue subject to arbitration. If the arbitrable issues are severable from other issues in dispute, the court may limit the scope of the stay to the arbitrable issues. *See* Tenn. Code Ann. § 29-5-303(d). We decline to grant the additional relief requested by the appellants as beyond the scope of this extraordinary appeal.

### III.

We vacate the court's order granting a temporary injunction, the order compelling mediation, and the order on NPI's motion for contempt. On remand, the court shall determine whether any of the agreements at issue require arbitration and take such further actions as necessary and consistent with this opinion.

_____
W. NEAL MCBRAYER, JUDGE