JAMES D. HUGHES, Petitioner, v. STATE OF
TENNESSEE, Respondent.

451 S.W.2d 696.

Court of Criminal Appeals of Tennessee. Dec. 16, 1969.

Certiorari Denied by Supreme Court March 2, 1970.

Hugh W. Stanton, Sr., and Hugh W. Stanton, Jr., Memphis, for petitioner.

David M. Pack, Atty. Gen., and Robert H. Roberts, Asst. Atty. Gen., Nashville, Phil M. Canale, Jr., Dist. Atty. Gen., and Eugene C. Gaerig, Asst. Dist. Atty. Gen., Memphis, for respondent.

## OPINION

HYDER, Judge.

Petitioner, James D. Hughes, appeals from the dismissal of his petition for post-conviction relief without an evidentiary hearing. The trial court appointed the Public Defender to represent the petitioner, on his affidavit of indigency which was filed along with the petition.

The petition filed by petitioner is well prepared and in proper form to meet the requirements of our laws. It is typewritten and its form and content give evidence that the writer has legal ability and understanding.

The District Attorney General filed a motion to strike, the Public Defender was appointed to represent petitioner, and; one week later, the date set for hearing of the matter; the petition was dismissed.

The Public Defender earnestly insists that it was error for the trial judge to dismiss the petition without first causing the petitioner to be brought to Memphis in order that his appointed attorney could confer with him, and, if necessary, amend his petition.

■ We do not believe that the trial court is required to bring a petitioner to the situs of the court for a conference with appointed counsel if the petition filed follows the prescribed form and procedure. In the instant case the petition does follow the prescribed form and procedure. T.C.A. § 40-3807.

Petitioner contends, in his second assignment of error, that the State does not attach to its responsive pleading the authority under which the prisoner is confined.

Our Supreme Court has said, in habeas corpus cases, that respondent must show by what authority the petitioner is being held. Ussery v. Avery, Tenn., 432 S.W. 2d 656. This is cited by petitioner in his brief as requiring reversal of the dismissal of the petition in this case.

■ While it is required, in habeas corpus cases, that the respondent show by what authority the petitioner is being held, the same requirement is not a part of our Post-Conviction Procedure Law. In fact, we do not find that the respondent is required to actually answer the petition before the trial court might be justified in dismissing the petition.

■ Petitioner sets out in his petition the authority under which he is being held and, since it is a judgment of the Criminal Court of Shelby County, that Court can take judicial notice of its own orders and judgments. This assignment is overruled.

Petitioner and a co-defendant, Alfred I. Schlereth, were tried and convicted of robbery by the use of a deadly weapon, and they were each sentenced to seventy-five years in the penitentiary. Petitioner was then repre-

sented by R. A. Tillman, Attorney. His conviction was appealed and his judgment was affirmed by the Court of Criminal Appeals in an opinion filed November 27, 1967, and the Tennessee Supreme Court denied certiorari. Petitioner, and his co-defendant, filed a petition for writ of habeas corpus in the United States District Court for the Western District of Tennessee; and that Court, on January 13, 1969, denied the petitions and dismissed the actions without an evidentiary hearing. That dismissal, without an evidentiary hearing, by the United States District Court, was then appealed to the United States Circuit Court of Appeals. While that appeal was pending the petition was filed in the instant case.

The third and last assignment of error filed by petitioner claims error in his robbery trial in that:

1. While counsel had been retained by him at the time he was in custody in Memphis the Police Department denied his counsel the right to confer with him.

2. A show-up was conducted so unfairly as to be a denial of due process, and his counsel was not permitted to confer with him during the show-up.

3. Evidence from an unlawful search and seizure was admitted at his trial in violation of the Federal Constitution.

Petitioner contends that these allegations require an evidentiary hearing, and that the trial judge erred in dismissing the petition without hearing evidence on these charges.

■ All of the grounds for relief set out by petitioner

in his petition, and set out in the third assignment of error in petitioner's brief, have been previously determined. Thus, it is not necessary that the trial judge hold an evidentiary hearing. T.C.A. § 40-3811.

■ A ground for relief is previously determined when a court of competent jurisdiction has ruled on the merits after a full and fair hearing. T.C.A. § 40-3812.

This Court, in an opinion filed November 27, 1967, in the case of James D. Hughes and Alfred I. Schlereth v. State, which was the appeal of the conviction here complained of, said:

"The defendants introduced no proof at the trial. In this Court their counsel state that 'The issue raised by this appeal is not one of guilt or innocence, but whether or not the trial accorded defendants was consistent with orderly procedure followed in criminal trial and due process as required by the Constitutions of the United States and the State of Tennessee.'"

That opinion considered assignments of error complaining of illegal arrest, unconstitutional search and seizure and improper and unconstitutional procedure and conduct in effecting a line-up. This Court in that opinion ruled on the merits of each of these contentions adversely to the petitioner and affirmed the conviction and judgment of the trial court.

The allegation that petitioner was denied the presence of his counsel when he was interrogated by the Memphis Police Department was ruled upon by the United States District Court for the Western District of Tennessee, in the case Alfred I. Schlereth and James D. Hughes v. Lake F. Russell, Warden, Civil Case No. C-68-297, in

an opinion filed January 13, 1969, in which the Court said:

> "Petitioners further contend that they were interrogated after the lineup without warnings or presence of counsel * * *
>
> In any event, if there was such interrogation, the record shows (and petitioners do not allege to the contrary) that no alleged statements of petitioners were even offered in evidence."

That Court denied relief and dismissed the actions.

Thus, we conclude that the grounds for relief alleged have been previously determined by the Court of Criminal Appeals, with certiorari denied, and by the United States District Court, all after full and fair hearing, and the trial judge was correct in dismissing the petition without an evidentiary hearing.

We affirm the judgment of the trial court in denying relief and in dismissing this petition without an evidentiary hearing.

RUSSELL and MITCHELL, JJ., concur.